In the Matter of Robert Lee KOEHLER, Debtor.

George T. HADLEY, Trustee, Plaintiff,

v.

Robert Lee KOEHLER, Martha A. Koehler, his wife and his son, Defendants.

Bankruptcy No. 80–17 C.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Sept. 18, 1980.

Jary C. Nixon, Tampa, Fla., for plaintiff.

George T. Hadley, Tampa, Fla., trustee.

D. Mitchell King, Tampa, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THE MATTER under consideration is a Motion to Dismiss the complaint filed by George T. Hadley, the Trustee of the estate against Robert Lee Koehler, Martha A. Koehler and an unidentified son of Mr. and Mrs. Koehler.

The complaint contends that certain personal properties are part of the estate and the interest of Robert Lee Koehler, the Debtor involved in the above–captioned proceeding is subject to liquidation pursuant to § 363(h) of the Bankruptcy Code. Therefore, the Debtor and his non–debtor spouse, Martha A. Koehler should be ordered to surrender and turn over said properties to the Trustee.

The Motion filed by the Defendants claims that the properties in question are properties owned by the Debtor and his non–debtor spouse as tenants by the entireties and thus, not subject to administration or in the alternative, could be claimed as exempt pursuant to § 522(b)(2)(B) of the Bankruptcy Code. Accordingly, so contend the Defendants, the complaint fails to state a claim for which relief can be granted and should be dismissed.

The Court heard argument of counsel, considered the complaint and is satisfied that the Motion to Dismiss is without merit and should be denied for the following reasons:

First, there is no question that property owned by the Debtor as co–owner either as a tenant by the entireties or a joint tenant or a tenant in common are properties of the estate within the meaning of § 541 of the Bankruptcy Code. See *Report of the Committee on the Judiciary, House of Representatives to Accompany H.R. 8200, H.R. 95–595 at 177*, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5963.

Second, while it is true that the Section of the Bankruptcy Code, § 522, which deals with exemptions available to Debtors, includes a provision which purports to exempt property held by a debtor with a non–debtor spouse as tenants by the entireties, it does not create new and additional exemptions which may be available to the Debtor who has already used up exemptions available under the applicable law, as that Section is merely a codification of the pre–

Code law. Under pre–Code law, property owned by the bankrupt with a non–bankrupt spouse and held by them as tenants by the entireties was not subject to liquidation. This was so, not for the reason that such property was exempt, but because such property was not subject to transfer, voluntarily or involuntarily, by the bankrupt without the consent of the non–bankrupt spouse, nor could a creditor of the bankrupt, who had no claim against the non–bankrupt spouse, subject such property to seizure through levy, sequestration or attachment. Since such property under the pre–Code law did not meet the test of transferability and leviability, such property was not subject to administration by the trustee simply because it was not the property of the estate within the meaning of § 70(a)(5) of the Bankruptcy Act. By way of comparison, the Code's definition of the term "property of the estate" is an all inclusive definition and was intended to include all legal or equitable interests of the Debtor.

■ In addition, the House Judiciary Committee in its Report addressed the issue of whether the debtor's interest in entireties property is property of the estate when it stated:

"The bill also changes the rules with respect to marital interests in property. . . . With respect to other co–ownership interest, such as tenancies by the entireties, joint tenancies, and tenancies in common, the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor's interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or waiver of rights by the spouse of the debtor or the co–owner, as may be required for a complete sale under applicable State law. The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property, and by requiring the trustee to pay over to the spouse the value of the spouse's interest in the property . . . "

H.Rep. 95–595 at 177, U.S.Code Cong. & Admin.News 1978, p. 6137. Thus, it is clear and there is no doubt that the interest of the estate under the Code includes any and all properties regardless of whether or not they meet the test of transferability or leviability required by the pre–Code law.

Under the pre–Code law, exemption rights, with some exception not relevant here, were determined solely with reference to local law. Sec. 6 of the Bankruptcy Act of 1898. Under the Code, Debtors may take advantage of new federal exemptions created by § 522(d) of the Bankruptcy Code unless the State law that is applicable to the debtor specifically does not authorize § 522(a)(1). Florida did so by enacting F.S. § 222.20 (1979), thus, debtors in this State cannot claim exemptions under § 522(d) of the Bankruptcy Code, and right to exemptions of debtors in this State is limited to exemptions available under the local laws.

■ Exemption rights in Florida are based solely on Art. X, § 4 of the Florida Constitution as implemented by specific statutory provisions, § 222 of the Florida Statutes. There is no mention of any exemptions relating to property held as tenants by the entireties either in the Constitution of this State or in any other Statute dealing with this subject. However, under local law, such properties are immune from a claim of the single creditor of one of the tenants, but not because of any exemption provisions of any laws of the State of Florida, but because of the type of ownership involved which gives to each tenant full, undivided ownership and control of the property.

■ Contrary to the contention advanced by the Defendants, the Bankruptcy Code did not intend to create additional federal exemptions with regard to such property, but merely recognized an immunity if there is one under the local law, or as stated in the Code; if such property is "exempt from process" under the applicable local law, it is not subject to administration.

In Florida, unlike other states such as New York, see *In re Weiss*, CCH B.L.Rep.

¶ 67,476 (S.D.N.Y.1978) (J. Schwarzberg), an individual spouse may not voluntarily or involuntarily alienate without the consent of the other spouse, properties owned by them as tenants by the entireties. From this, it follows that a creditor of only one spouse is unable to unilaterally subject the property to any kind of process to satisfy its claim. Florida law does, however, recognize the right of joint creditors pursuant to a general lien theory to reach tenancy by the entireties properties. *Stanley v. Powers,* 123 Fla. 359, 166 So. 843 (1936); 12 Fla.Jur.2d *Cotenancy and Partition,* § 18 and cases cited therein.

While the original complaint failed to allege the existence of joint creditors, a supplement to the complaint now alleges that there are joint creditors of both spouses, who under the applicable local law, could have levied on the properties in question. Therefore, the Trustee is entitled to liquidate the Debtor's interest in the properties under § 363(h) in spite of the provision under § 522(b)(2)(B).

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor and his non–debtor spouse's Motion to Dismiss the Trustee's complaint be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Defendants, be and the same hereby are, directed to file an Answer or responsive pleading within 15 days from the date of entry of this Order.