In re Robert Henry LUNGER, d/b/a Alfie's Imported Foods, Alfie's Pizza, Debtor.

Bankruptcy No. 81–19–BK–J–GP.

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

Sept. 4, 1981.

Collier on Bankruptcy ¶ 302.05 at 302–9 & 10 (15th ed. 1981).

Marshall W. Liptak, Jacksonville, Fla., atty. for debtor.

Victor E. Raymos, Jacksonville, Fla., atty. for trustee.

### ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

■ The debtor has listed in his schedules certain property owned by him and his wife as tenants by the entireties under Florida law. He has also claimed the same property as exempt under § 522(b)(2)(B) of the Bankruptcy Code. The Trustee has objected to the claim of exemptions.

Section 522(b)(2)(B) permits those debtors electing the state law exemptions to also claim as exempt any interest in property owned by the debtor and his spouse as a tenancy by the entireties to the extent that such interest is exempt from process under non-bankruptcy law. In *In re Koehler*, 6 B.C.D. 1126, 6 B.R. 203 (Bkrtcy.M.D.Fla. 1980), my colleague in this district ruled that, under Florida law, an interest in entireties property was not exempt from process within the meaning of § 522(b)(2)(B). There, the Court held that entireties property enjoyed a judicially created immunity, but not an actual exemption necessary to trigger § 522(b)(2)(B).

This Court respectfully disagrees with my brother in this district. Instead, we are in accord with the view expressed in *In re Thacker*, 5 B.R. 592 (Bkrtcy.W.D.Va.1980), that the word "exempt" should be liberally construed. In discussing the applicability of the section to the Virginia exemption scheme, it stated:

> The Code exempts entireties property when it is "exempt from process" under State law. The Virginia cases speak of such property as being "immune" from execution by the creditors of one spouse. We must look to substance and not to form. It must be remembered that Congress, in enacting § 522(b)(2)(B), was not addressing Virginia specifically, but rather was speaking to all of the states....
>
> In Virginia, as in many other states, the interest of one spouse in entireties property is not subject to execution by the creditors of that spouse only. This is obviously what Congress intended to exempt, and slight differences in terminology should not be allowed to obscure the underlying intent.

*Id.* at 595. A similar result was reached in *In re Ford*, 6 B.C.D. 202, 3 B.R. 559 (Bkrtcy. D.Maryland 1980, *aff'd* 638 F.2d 14).

■ The protections afforded entireties property under Virginia, Maryland, and Florida law are derived from the common law. Because many states share this heritage, this Court does not believe that Congress, in drafting § 522(b)(2)(B), intended to distinguish between exemptions accorded by statute and immunities developed through case law.[1]

Accordingly, the Trustee's objection to the debtor's claim of exemptions is overruled.

---

1. The result here is the same as would have been reached under the Bankruptcy Act of 1898. Under § 70(a) of the Act, entireties property never entered the estate so did not need to be exempted; under § 541 of the Code, a debtor's undivided interest in entireties property becomes part of the estate. *In re Ford, supra.* Whereas a debtor used to list, for informational purposes only, his interest in property held in a tenancy by the entireties with a non-debtor spouse, he must now list it as property of the estate and then claim it as exempt. When both husband and wife are in bankruptcy, their entireties property not otherwise exempt will, as under the Bankruptcy Act, be subject to administration.