**In re Tina M. CICCARELLO, Debtor.**

**Bankruptcy No. 87–00022–BKC–6P7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 11, 1987.

Robert W. Blunt, Orlando, Fla., for debtor.

Debra G. Steinberg, Orlando, Fla., for RCA Service Co.

Lionel H. Silberman, Orlando, Fla., for trustee.

MEMORANDUM OPINION IN SUPPORT OF ORDER SUSTAINING OBJECTIONS OF TRUSTEE AND RCA SERVICE COMPANY TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter comes before the Court on the objections of trustee for debtor's estate, Lionel H. Silberman, and creditor, RCA Service Company. The grounds of the objections are the same in that each objector asserts that debtor has claimed personal property with a value in excess of $1,000.00 as exempt in contravention of the Florida Constitution Article X, Section IV, and has claimed both real and personal property as exempt solely on the basis that the property is jointly owned with a non-filing spouse. Upon consideration of the evidence, the Court makes the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

1. Salvatore Ciccarello and Tina M. Ciccarello were husband and wife for all relevant times hereto.

2. On January 6, 1987, Tina M. Ciccarello filed a voluntary petition under Chapter 7 of Title 11, United States Code in the United States Bankruptcy Court, Middle District of Florida. Her husband did not file a similar petition.

3. On her Schedule B–4, "Property Claimed as Exempt," which was filed on February 3, 1987, debtor claimed the following as exempt property under both Florida law and § 522 of the Bankruptcy Code:

| | |
|---|---|
| Cash on hand | $ 20.00 |
| Deposit in bank (jointly owned with non-filing spouse) | 25.00 |
| Jointly owned household goods | 3,500.00 |
| Personal effects | 465.00 |
| Personal residence | 310,000.00 |
| Property located at 6812 Compass Ct., Orlando, FL (jointly owned with non-filing spouse) | 61,000.00 |

4. Both trustee and RCA Service Company filed timely objections to debtor's claim of exemptions.

5. Prior to the time debtor filed her petition, RCA Service Company obtained a Final Judgment against ITVC, Inc., a Florida Corporation, Salvatore Ciccarello and Tina M. Ciccarello, jointly and severally. This occurred in March, 1986, and the Final Judgment was duly recorded in the Orange and Seminole County Public Records.

6. On her Schedule A–2, "Creditors Holding Security," which was filed contemporaneously with the petition, debtor listed three claimants. As to RCA Service Company, debtor did not note that it held a debt owed jointly by her and her non-filing spouse but she did note such with the two other creditors.

7. All property in which debtor has an interest either as sole owner or as a tenant by the entireties is property of the bankruptcy estate. 11 U.S.C. § 541.

8. Under Florida law, debtor is entitled to exempt from her bankruptcy estate her homestead residence and personal property

up to a value of $1,000. Article X, Section IV, Florida Constitution.

9. Debtor is not entitled to exclude property jointly held with a non-filing spouse from her bankruptcy estate just because it is tenants by the entireties property when she is seeking to discharge claims of creditors who hold joints debts against her and her husband.

### Conclusions of Law

1. Upon commencement of a case under Title 11, United States Code, an estate is created which is comprised of all property in which the debtor has a legal or equitable interest as of that time. 11 U.S.C. § 541(a). However, an individual debtor may exempt property from his/her bankruptcy estate by claiming exemptions as authorized by § 522 of the Bankruptcy Code.

2. Section 522 provides that a state may opt out of the federal exemptions and limit a debtor's rights to only those exemptions provided under its state laws. The State of Florida has exercised this option. § 222.20, Florida Statutes (1977).

3. A person claiming protection under the laws of Florida is entitled to exempt a homestead residence and $1,000.00 worth of personal property. F.S.A. Const. Art. 10, § 4 (1972).

4. In addition to the state law exemption provided in § 522(b)(2)(A), debtor is also entitled under § 522(b)(2)(B) to exclude from her bankruptcy estate "... any interest in property in which (she) ... had, immediately before the commencement of the case, an interest as a tenant by the entirety ... *to the extent* that such interest as a tenant by the entirety ... is *exempt from process* under applicable nonbankruptcy law." [emphasis added]. 11 U.S.C. § 522(b)(2)(B). See also *In re Lunger*, 14 B.R. 6 (Bkrtcy.M.D.Fla.1981); *cf. In re Koehler*, 6 B.R. 203 (Bkrtcy.M.D.Fla.1980).

5. In Florida, property held as tenants by the entireties is beyond the reach of the creditors of only one spouse but is not beyond the reach of the creditors of both spouses. See § 56.061, Florida Statutes (1967); see also *Hunt v. Covington*, 145 Fla. 706, 200 So. 76 (1941).

6. Accordingly, if there exists a creditor who holds a claim against both debtor and her non-filing spouse then the property in which debtor has an interest as a tenant by the entireties is not "exempt from process" under Florida law as to that creditor and cannot be excluded from the bankruptcy estate under § 522(b)(2)(B). See *In re Bookman*, 57 B.R. 522 (Bkrtcy, S.D.Fla. 1986); and *In re Roy*, 42 B.R. 102 (Bkrtcy. S.D.Fla.1984).

7. To the extent of claims held by creditors of both the debtor and her non-filing spouse, the property of the estate in which debtor has an interest as a tenant by the entireties is subject to administration by the bankruptcy trustee under § 363(h) of the Bankruptcy Code. See *In re Roy*, *supra* at 105, citing, *Napotnik v. Equibank & Parkuale Savings Assoc.*, 679 F.2d 316, 320 (3rd Cir.1982).

8. This Court's decision in *Lunger*, *supra*, was not intended to preclude a creditor who has collection rights against a debtor and his/her non-filing spouse from proceeding against entireties property through a bankruptcy trustee. Accordingly, *Lunger* is limited to the situation where a bankruptcy trustee seeks to administer entireties property but no creditors exist who hold joint debts against debtor and his/her non-filing spouse.

For all the foregoing reasons, a separate order sustaining the objections of the trustee and RCA Service Company to debtor's claim of exemptions will be entered.