**In re Arthur A. COLSTON, Debtor.**

**Bankruptcy No. 87–2176–BKC–6P7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 1, 1988.

Lawrence W. Solodky, Orlando, Fla., for debtor.

Jules S. Cohen, Orlando, Fla., for trustee.

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Trustee's objection to debtor's claim of exempt property. Hearings on the objection were held on March 2, 1988, and April 13, 1988. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Arthur A. Colston ("Debtor") and Norma Colston were husband and wife for all relevant times.

2. On August 28, 1987, Arthur A. Colston filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* The wife did not file separately or join in this petition.

3. On August 28, 1987, the debtor filed his Schedule B–4 "Property Claimed as Exempt." In this schedule, debtor listed numerous items of personal property and his interests in several brokerage accounts as being jointly owned with his wife.

4. On October 14, 1987, the trustee filed an objection to the debtor's claim of exemp-

tion. The trustee contends that the exemptions claimed by the debtor exceed the exemptions allowed under Article X, Section 4, Florida Constitution and Chapter 222, Florida Statutes. Debtor argues that the scheduled items are exempt from administration as property held as tenancy by the entireties. Specifically, debtor has claimed the following property as exempt:

| | |
|---|---|
| Cash on hand | $ 25.00 |
| Deposits of money in banks | $ 3,849.76 |
| Dishes, flatware, pots & pans, coffee maker, toaster, microwave, dining room set, 2 end tables, coffee table, couch, stereo, 2 TV sets, 4 beds, entertainment center, 2 dressers, chest of drawers, vanity and mirror, 2 easy chairs, 3 lamps, 2 clocks, desk & chair | $ 1,000.00 |
| Five (5) pictures on walls | $ 50.00 |
| 1979 Buick | $ 1,000.00 |
| Three (3) trailers | $ 450.00 |
| 1965 Starcraft aluminum boat and 12hp motor | $ 325.00 |
| Yard equipment, lawn mower | $ 50.00 |
| Combine Insurance and Prudential Insurance | $ 3,951.00 |
| Consolidated Energy | $ 0.00 |
| AARP Ginnie Mae Fund | $23,994.41 |
| U.S. Gov. Fund (Dean Witter) | $19,080.90 |
| Franklin Custodial Fund (Prudential Bache) | $18,012.75 |
| Mass. Financial High Income Trust | $21,872.28 |
| Global Yield Fund (Prudential Bache) | $ 9,750.00 |
| Dreyfus Ginnie Mae Fund | $18,702.68 |
| Fidelity Ginnie Mae Fund | $18,702.73 |

5. Prior to the filing of his Chapter 7 Petition, the Debtor and his non-filing spouse were sued by Mall Investors Joint Venture in the Circuit Court of Florida upon several causes of action arising out of a written shopping center lease. This obligation is listed as a joint debt on Schedule A–3. Although the complaint against Mrs. Colston was eventually settled for $500.00, the evidence supports the conclusion that both the debtor and his wife were jointly liable on this debt.

6. Schedules A–2 and A–3 also show that when the debtor filed bankruptcy, both he and his wife were jointly obligated to Joseph and Irene Bateman on a note secured by a mortgage on his family's property. Although the note was subsequently paid off by a third party, the evidence clearly shows that the Colstons were jointly liable on this debt at the time of the filing of the petition.

## CONCLUSIONS OF LAW

1. Upon commencement of a case under Title 11, United States Code, an estate is created which is comprised of all property in which the debtor has a legal or equitable interest as of that time. 11 U.S.C. § 541(a). However, an individual debtor may exempt property from his/her bankruptcy estate by claiming certain exemptions authorized by § 522 of the Bankruptcy Code.

2. Section 522 provides that a state may opt out of the federal exemptions and limit a debtor's rights to only those exemptions provided under the state law. The State of Florida has exercised this privilege. § 222.20, Florida Statutes (1977).

3. Under Florida law, a person is entitled to exempt a homestead residence, regardless of value, and $1,000.00 worth of personal property. F.S.A. Const. Art. 10, § 4 (1977).

4. Under § 522(b)(2)(B) of the Bankruptcy Code, a person is also entitled to exclude from his bankruptcy estate "... any interest in property in which (he) ... had, immediately before the commencement of the case, an interest as a tenant by the entirety ... *to the extent* that such interest as a tenant by the entirety ... *is exempt from process* under applicable nonbankruptcy law." (emphasis added). 11 U.S.C. § 522(b)(2)(B). *See also, In re Lunger,* 14 B.R. 6 (Bkrptcy.M.D.Fla.1981); *In re Ciccarello,* 76 B.R. 848 (1987); *cf. In re Koehler,* 6 B.R. 203 (Bkrptcy.M.D.Fla. 1980).

5. In Florida, property held as tenants by the entireties is beyond the reach of the creditors of only one spouse but is not protected from the creditors of both spouses. *See* § 56.061, Florida Statutes (1967); *See also, Hunt v. Covington,* 145 Fla. 706, 200 So. 76 (1941).

6. Accordingly, if there exists a creditor who holds a claim against both debtor and his non-filing spouse then the property which the debtor has an interest as a tenant by the entireties is not "exempt from process" under Florida law as to that creditor and cannot be excluded from the bankruptcy estate under § 522(b)(2)(B). *See In*

re Bookman, 57 B.R. 522 (Bkrptcy.S.D.Fla. 1986); In re Lausch, 16 B.R. 162, 165 (D.M.D.Fla.1981); and In re Roy, 42 B.R. 102 (Bkrptcy.S.D.Fla.1984).

7. Thus, a debtor is not entitled to exclude property jointly held with a non-filing spouse from his bankruptcy estate just because it is tenant by the entireties property when he is seeking to discharge claims of creditors who hold joint debts against him and his wife. In re Ciccarello, 76 B.R. 848, 850 (Bkrptcy.M.D.Fla.1987).

8. To the extent of claims held by creditors of both the debtor and his non-filing spouse, the property of the estate in which debtor has an interest as a tenant by the entireties is subject to administration by the bankruptcy trustee under § 363(h) of the Bankruptcy Code. See In re Roy, supra at 105, citing, Napotnik v. Equibank & Parkvale Savings Assoc., 679 F.2d 316, 320 (3d.Cir.1982). The bankruptcy trustee succeeds to the rights of the joint creditors and may levy on entireties property and administer those assets in accordance with § 363(h).

9. Accordingly, the trustee's objection to the claimed exemptions by the debtor will be sustained. The properties involved in this controversy are declared to be properties of the estate and subject to administration by the trustee to the extent of claims held by creditors of both the debtor and his non-filing spouse and subject to the $1,000.00 personal exemption provided under Florida law.

The Court will enter a separate order in accordance with these findings.