**In re Diann Lattimore CAMPBELL, Debtor.**

**Bankruptcy No. 97–3433–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 20, 1997.

D. Randall Briley, Jacksonville, FL, for Debtor.

Gregory K. Crews, Jacksonville, FL, for trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Trustee's objection to Debtor's claim of exempt property. A hearing on the objection was held on August 13, 1997. Upon consideration of the evidence, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Alphonso Campbell and Diann Lattimore Campbell (Debtor) were husband and wife at all relevant times.

2. On May 5, 1997, Diann Lattimore Campbell filed a voluntary petition under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101–1330 (1997). Her husband did not file separately or join in this petition.

3. On her Schedule C, "Property Claimed as Exempt," filed on May 5, 1997, Debtor claimed the following property as exempt under § 522 of the Bankruptcy Code and Florida law:

| | |
|---|---|
| 1996 Chevrolet Cavalier | $4,484.34 |
| Property located at 10884 Krugerrand Lane, Jacksonville, FL (jointly owned with non-filing spouse) | $113,000.00 |
| Household Furnishings | $2,005.00 |

4. Joint credit card debts with her husband were not scheduled by Debtor. Those debts include Nation's Visa, First U.S.A. Visa, and Chase Mastercard, totaling approximately $29,350.00. No evidence was presented to show that these joint creditors hold a pre-petition judgment on any property of Debtor and/or her husband.

5. The Trustee timely filed his objection to Debtor's claim of exemptions. First, the Trustee objects to Debtor's claim of exemption as to the 1996 Chevrolet Cavalier (auto-

mobile) under Florida Statute § 222.25, because the value exceeds $1,000.00. FLA.STAT. ANN. § 222.25 (West 1989). Second, he objects to Debtor's claim of exemption of various household furnishings. The Trustee contends that the items are not exempt under § 522(b)(2)(B) because they are not held as tenants by the entirety. Third, the Trustee argues that the real property located at 10884 Krugerrand Lane, Jacksonville, Florida (real property), is subject to administration for the benefit of the joint creditors.

6. At the hearing, Debtor testified that she did not understand the meaning of "tenants by the entirety." However, Debtor and her husband testified that they intended for the household furnishings to be held in joint ownership, with full ownership rights transferring to the surviving spouse, to the exclusion of all other persons, upon either of their deaths.

## CONCLUSIONS OF LAW

The issue before the Court is whether the Debtor's claim of exemptions should be disallowed. Cases commenced under the Bankruptcy Code create an estate which is compromised of all the property in which the debtor has a legal or equitable interest as of the date of the petition filing. 11 U.S.C. § 541(a) (1997). However, an individual is permitted to exempt property from the estate by claiming exemptions authorized by 11 U.S.C. § 522. 11 U.S.C. § 522 (1997). *See also In re Colston*, 87 B.R. 193, 194 (Bankr. M.D.Fla.1988).

Section 522 permits a state to opt out of the federal exemptions and limit its residents to those exemptions provided under state law. 11 U.S.C. § 522(b) (1997). The State of Florida has exercised this option. FLA. STAT.ANN. § 222.20 (West 1989). Therefore, debtors residing in Florida may claim exemptions pursuant to subsections 522(b)(2)(A)-(B), Article X, Section 4 of the Florida Constitution and Florida Statute, Chapters 222.

In this case, the Trustee asserts that Debtor's claim of exemptions to certain properties are improper and should be disallowed. The Trustee's objections are: (1) Debtor's claim of exemption as to the automobile exceeds the $1,000.00 exemption permitted under state law; (2) the household furnishings are not exempt under § 522(b)(2)(B) because they are not held as entireties properties; and (3) the real property, held as tenants by the entirety, is subject to administration for the benefit of the joint creditors of Debtor and her non-filing spouse. The Court will address each objection separately.

## A. AUTOMOBILE

■ The Trustee objects to Debtor's claim of exemption as to the automobile. Debtor's Schedule C lists a 1996 Chevrolet Cavalier as having a fair market value of $11,925.00, with a lien of $7,440.66, leaving $4,484.34 in equity. Debtor claimed the $4,484.34 as exempt pursuant to Florida Statute § 222.25. However, § 222.25 provides that a debtor can only claim up to $1,000.00 in value, in a single automobile, as exempt from property of the bankruptcy estate. FLA.STAT.ANN. § 222.25 (West 1989). Accordingly, the Trustee's objection to Debtor's claim of exemption, as the automobile, is sustained.

## B. HOUSEHOLD FURNISHINGS

The Trustee also asserts that Debtor is not entitled to an exemption regarding the household furnishings, contending they are not owned as tenants by the entireties. Section 522(b)(2)(B) of the Bankruptcy Code provides that a debtor may claim as exempt "any interest in property in which the debtor had, immediately before commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B) (1997).

■ Florida state courts recognize that entireties estates can exist in both real and personal property, and federal courts sitting in Florida have followed this position. *In re Peeples*, 105 B.R. 90, 94 (Bankr.M.D.Fla. 1989). Under Florida law, property held by a husband and wife as tenants by the entirety belongs to neither individual spouse, but to a separate entity referred to as the "unity" or "the marriage." *Id.; see also In re Stanley*, 122 B.R. 599, 604 (Bankr.M.D.Fla.1990). Therefore, with limited exceptions, entireties

property does not become property of the bankruptcy estate when only one spouse has filed a bankruptcy petition. *Mesa Petroleum Co. v. Coniglio,* 16 B.R. 1015, 1021 (M.D.Fla. 1982); *see also Peeples,* 105 B.R. at 94–95.

In Florida, a viable tenancy by the entireties estate is created in either personalty or realty when the unities of possession, interest, title, time, and marriage are satisfied. *Stanley,* 122 B.R. at 604. If the matter involves personalty, the intent to create an entireties estate, at the time of acquisition, must be shown. *Id.* Such a requirement alleviates concern that the debtor will claim the personalty as entireties property so as to insulate it from claims of creditors of one of the spouses. *Id.* The burden of proof is not met solely by the debtor's, or the non-filing spouse's, testimony at the hearing on the objection to the claimed exemption. *Id.; see also In re Spatola,* 65 B.R. 49 (Bankr. S.D.Fla.1986). Rather, the debtor must provide a quantum of documentary proof establishing that an entireties estate was intended when the personalty was acquired. *In re Allen,* 203 B.R. 786, 791 (Bankr.M.D.Fla. 1996).

In this case, Debtor provided scant evidence to show that the household furnishings were acquired with the intent to be held entireties properties. The only evidence of such intent was testimony by Debtor, and her husband, that they consider the household furnishings to be jointly owned with survivorship rights. However, Debtor did not provide supplementary documentation to establish that a tenancy by the entireties was intended. Debtor's failure to do provide such documentation is fatal to her claim of exemption. Therefore, the Trustee's objection to Debtor's claim of exemption, with respect to the household furnishings, is sustained.[1]

## C. REAL PROPERTY

The Trustee acknowledges that the real property is held as tenants by the entirety. However, the Trustee maintains that Debt-or's joint debts with her non-filing spouse subjects the realty to administration for the benefit of those joint creditors. Those joint creditors include Nation's Visa, First U.S.A. Visa, and Chase Mastercard. The Trustee does not claim, nor does the record reflect, that the joint creditors have a judgment against either Debtor or her husband.

Section 522(b)(2)(B), requires a court to ascertain whether property is "exempt from process under applicable nonbankruptcy law." Thus, this Court must examine Florida state law to determine whether the real property is exempt. In Florida, property held as tenants by the entirety is beyond the reach of creditors of only one spouse, but is not beyond the reach of both spouses' creditors. *See* FLA.STAT.ANN. § 56.061 (West 1994). Thus, if there is a creditor holding a claim against both spouses, then the property in which Debtor has an interest as a tenant by the entirety is not exempt from process under Florida law as to that joint creditor. It is important to note, however, that Florida state courts have restricted joint creditors' access to entireties properties to those holding a judgment against both the husband and wife. The Florida Supreme Court first addressed the issue of whether property held as tenants by the entireties can be reached by joint creditors in *Stanley v. Powers.* The court held that "[a] *judgment* against both husband and wife is a general lien on the interest of both in property held by them as tenants by the entireties and the property may be sold under execution issued on the judgment." 123 Fla. 359, 366, 166 So. 843 (1936) (emphasis added).

Federal bankruptcy courts sitting in Florida have differed on whether an actual judgment is necessary before a joint creditor can seek entireties property, when only one of the spouses filed bankruptcy. *See e.g., In the Matter of Anderson,* 132 B.R. 657, 660 (Bankr.M.D.Fla.1991) (holding that a joint creditor "must have the capacity to have process issue under state law; i.e., writ of execution, levy, or post-judgment attachment

---

1. The Trustee also suggested that Debtor's failure to understand the meaning of "tenants by the entirety" indicates a lack of intent to create such an estate. Because Debtor's failure to provide documentary proof of an intent to create an entireties estate is sufficient to defeat her claim of exemption, the Court need not address this issue.

or garnishment."); *Accord In re Planas,* 199 B.R. 211, 215 (Bankr.S.D.Fla.1996). *But see In re Himmelstein,* 203 B.R. 1009, 1013 (Bankr.M.D.Fla.1996) (holding that "Florida law allows for a joint creditor holding a *judgment* to pursue entireties property ...") (emphasis added).

First, a joint creditor's rights against a debtor who holds property as a tenant by the entirety will be examined. This Court has often held that "[t]o the extent of claims held by creditors of both the debtor and non-filing spouse, the property of the estate in which debtor has an interest as a tenant by the entireties is subject to administration ...". *In re Colston,* 87 B.R. 193, 195 (Bankr. M.D.Fla.1988). *See also In re Ciccarello,* 76 B.R. 848, 850 (Bankr.M.D.Fla.1987). A careful review of this Court's opinions reveals that such administration was permitted when the creditor held a judgment against both the debtor and non-filing spouse.

Next, the Court has to determine the extent of a trustee's powers of administration regarding property held by a debtor as a tenant by the entirety. Section 544 limits the trustee's powers to that of a creditor who obtains "an execution against the debtor that is returned unsatisfied at such time ...". 11 U.S.C. § 544(a)(2) (1997). Accordingly, a trustee can only administer property held as tenants by the entirety if the creditor has a judgment against both the debtor and non-filing spouse. *See also Himmelstein,* 203 B.R. at 1013 (holding that "because only a joint judgment creditor can pursue property held as tenants by the entirety under Florida law, the trustee is only empowered to the same extent."). In the present case, the Trustee does not claim, nor does the record reflect, that, any of the joint creditors hold a judgment against Debtor and her husband. Therefore, the Trustee's objection to Debtor's claim of exemption, as to the real property, is overruled.

## CONCLUSION

The Court sustains the Trustee's objections to Debtor's Claim of exemption as to the 1996 Chevrolet Cavalier and the household furnishings. The Trustee's objection to Debtor's claim of exemption regarding the real property is overruled. The Court will enter an Order consistent with these Findings of Fact and Conclusions of Law.