**In re William J. LEUCHT, Debtor.**

**Bankruptcy No. 97–03064–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 2, 1998.

Peter Keating, Daytona Beach, FL, for William Leucht.

Richard R. Thames, Stutsman & Thames, P.A., Jacksonville, FL, for Paula Leucht.

Gregory K. Crews, Jacksonville, FL, Chapter 7 Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

■ This Case came before the Court on the objection to Debtor's claim of exemptions, filed by Paula Leucht. A hearing on the objection was held on February 19, 1998. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

■ Debtor and Paula Leucht were married on September 8, 1990. (Tr. at 10). In February 1996, while she was out of town, Debtor moved out of their marital home on 868 Chickadee Drive, Daytona Beach, Florida, taking with him a considerable amount of personal property. The majority of the items that were taken were first placed in storage and then brought to the home of Debtor's former wife, Maria Leucht. (Tr. at 140).

Within a few days of his departure, Debtor filed a dissolution of marriage action in the Circuit Court of Volusia County, Florida, Case Number: 96–30686–FMCI, Division 36. That action is still pending, but was removed from the active docket when Debtor filed a petition under Chapter 7 of the Bankruptcy Code on April 24, 1997.

Paragraph 4 of Debtor's Schedule B lists the following personal property: 2 straw chairs, easy chair, black lamp, knot board, stereo, dresser, dishes, utensils, 14″ TV, 2 end tables, and a washer and dryer. Debtor valued these items at $888.00.

On Schedule C of his bankruptcy schedules, Debtor claims the following property as exempt under Florida Statute § 222 and the Florida Constitution.

| Description | Value |
| --- | --- |
| Commercial National Bank Checking Account | $ 75.00 |
| Household Goods | $ 888.00 |
| Sailboat Picture, photo tray, misc. decorations | $ 6.00 |
| Misc. clothing & shoes | $ 5.00 |
| Bracelet | $ 25.00 |
| Bow & arrow set | $ 1.00 |
| **TOTAL** | **$1,000.00** |

Paula Leucht, the estranged wife of Debtor, filed an Objection to Debtor's Claim of Exemptions on June 11, 1997. First, she contends that Debtor failed to list the items with any specificity. Second, Paula Leucht contends that the actual value of the personal property claimed as exempt exceeds $1,000, and that Debtor purposely undervalued the property so that it would fit within the allowable exemptions. Third, she claims that as

the wife of Debtor she holds a 50% interest in all marital assets of Debtor, including the property claimed as exempt.

Debtor testified that he only intended to exempt the personal property that had been in his possession on the petition date:

Q. Let's turn, if you would, turn—it's about six pages in, Schedule C. Do you see that? Property Claimed as Exempt?

A. Yes.

Q. All right. We come down there: Household goods in debtor's possession, $888.

A. That's correct.

Q. And that's referring to the $888 worth of items you listed on Schedule B, correct?

A. Yes. . . .

Q. If an item is not in your possession, then you are not claiming it as exempt, correct?

A. Yes.

(Tr. at 104–05).

Debtor testified that he did not want to exempt the interest in the personal household items in the possession of his former wife, Maria Leucht. Nor did he want to exempt any personal property in Paula Leucht's possession. Schedule B of Debtor's bankruptcy schedules provide that Maria Leucht has possession of the following: dining room set from Italy, small coffee table, garden furniture, china, silverware, cups, chairs, hope chest, assortment of pictures from around the world, collection of figures for daughters, and miscellaneous nicknacks. Debtor values the items at $3,560 and claims a 50% interest in the property. However, Debtor acknowledges that the circuit court has not made a determination as to the ownership of the personal property listed under both Schedule B and C. (Tr. at 105–106).

## CONCLUSIONS OF LAW

The primary issue before the Court is whether Debtor's claim of exemptions should be disallowed. Cases commenced under the Bankruptcy Code create an estate comprised of all property that a debtor has a legal or equitable interest as of the petition filing date. 11 U.S.C. § 541(a) (1998). However a debtor is entitled to exempt property from the estate by claiming exemptions authorized by § 522 of the Bankruptcy Code. 11 U.S.C. § 522 (1998). *See also In re Colston,* 87 B.R. 193, 194 (Bankr.M.D.Fla.1988).

Section 522 permits a state to opt out of the federal exemptions and limit its residents to those exemptions provided under state law. 11 U.S.C. § 522(b) (1998). Florida has exercised this option. *See* FLA.STAT.ANN. § 222.20 (West 1989). Therefore, debtors residing in Florida may claim exemptions pursuant to §§ 522(b)(2)(A)–(B), Article X, Section 4 of the Florida Constitution, and Florida Statute, Chapters 222. The Florida Constitution provides an exemption for personal property to the value of $1,000. FLA. CONST. ART. X, § 4.

The Federal Rules of Bankruptcy of Bankruptcy Procedure provide that the objecting party has the burden of proving that the exemptions are not properly claimed. FED. R.BANKR.P. 4003(c) (1998).

Debtor listed in Schedule C, paragraph 2, "household goods in debtor's possession" as exempt. But, Debtor neglected to specifically list the content of such household goods. However, Debtor testified that the household goods in question corresponded with the property specifically listed in paragraph 4, of Schedule B, but not including the washer and dryer which Debtor valued separately at $800.[1] (Tr. at 104).

Although, Defendant failed to list the property with any specificity in Schedule C, Debtor's Schedule B reveals that such a failure was merely a transcribing error. In fact, Paula Leucht's Post–Hearing Memorandum, indicates that she no longer objects to Debtor's claim of exemptions on the grounds of lack of specificity. (Plaintiff's Post–Hearing Memorandum Regarding Objections to Exemptions, at 3–4). The memorandum acknowledges that Debtor's testimony clarified which goods were being claimed as exempt. (*Id.*).

---

1. Debtor testified that the washer and dryer were not owned by him, but rather by some third person, and a debt was still owed on those items. (Tr. at 126). Debtor has not claimed the washer and dryer as exempt. Thus, Debtor only claims an exemption for the property valued by him at $1,000.

In addition, Paula Leucht provided no testimony to dispute Debtor's valuation of the personal property claimed as exempt. Therefore, she did not meet her burden of proof that Debtor's claim of exemptions should be disallowed on the grounds that he undervalued the property. Accordingly, Paula Leucht's objection on the grounds that Debtor's the listed property lacked specificity, or alternatively, that Debtor undervalued the listed property, is overruled.

As to Paula Leucht's contention that Debtor's claim of exemptions be disallowed with respect to any claims she may have in the property, the Court notes that § 522 of the Bankruptcy Code provides that the debtor may exempt certain property from the estate. Once a debtor exempts property from the estate it is not appropriate for the bankruptcy court to determine the extent of the debtor's interest, or that of anyone else, in the property. Rather, the court merely examines whether the debtor is entitled to claim the exemption pursuant to the Bankruptcy Code. As such, the Court will not address whether Paula Leucht has an ownership interest in the exempted property, or any other property of the estate.

The Court will enter an Order consistent with these findings of fact and conclusions of law.