**In re Dennis John BUNDY, Debtor.**

**Bankruptcy No. 98–07221–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 21, 1999.

Clive N. Morgan, Jacksonville, FL, for Debtor (Bundy).

Aaron R. Cohen, Jacksonville, FL, for trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Trustee's Objection to Exemptions claimed by Debtor on personal property. Upon the evidence presented at the hearing on April 21, 1999, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Debtor and Karen R. Bundy were husband and wife at all relevant times.

2. On September 4, 1998, Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. (Doc. 1.) Debtor's wife did not file separately or join in his petition.

3. On Debtor's Schedule C filed on October 17, 1998 and amended on March 22, 1999, Debtor claimed as exempt personal

property totaling $7,615.00, of which $7,110.00 was listed as property held as tenants by the entireties.

4. On November 13, 1998, Trustee timely filed an objection to Debtor's claim of exemptions contending that the exemptions claimed by Debtor was not property held as tenancy by the entireties.

## CONCLUSIONS OF LAW

The facts are not in dispute. However, Debtor argues that the proper interpretation of Florida case law mandates the allowance of Debtor's claim to exemption of personal property because it is owned as tenancy by the entireties. Trustee responds that the personal property is not exempt because the property does not qualify as being owned as tenancy by the entireties. Trustee asserts Debtor's total claim exceeds the $1,000.00 exemption on personal property allowed by state law. FLA. CONST. art. X, § 4 (1989). The issue before the Court is whether the personalty scheduled by Debtor is held as tenants by the entireties under Florida law and is exempt from the bankruptcy estate.

Cases commenced under the Bankruptcy Code create an estate that is comprised of all property in which the debtor has a legal or equitable interest as of the date the petition is filed. *See* 11 U.S.C. § 541(a) (1997). However, an individual is permitted to exempt property from the estate by claiming exemptions authorized by 11 U.S.C. § 522 (1997). *See* 11 U.S.C. § 522 (1997). Furthermore, § 522 allows a state to opt out of the federal exemptions and limit its residents to those exemptions provided under the state law. *See* 11 U.S.C. § 522(b) (1997). The State of Florida has exercised this option. *See id.;* FLA. STAT. ANN. § 222.20 (West 1989). Therefore, a debtor who is a Florida resident may only claim exemptions that are listed under Article X, § 4 of the Florida Constitution and Florida Statutes ch. 222.

■■■ Under Florida law, property held by a husband and wife as tenants by the entireties belongs to neither individual spouse, but to a separate entity referred to as the "unity" or "the marriage." *See In re Stanley,* 122 B.R. 599, 604 (Bankr. M.D.Fla.1990). Therefore, with limited exceptions, entireties property does not become property of the estate when only one spouse has filed a bankruptcy petition. *See In re Congilio,* 16 B.R. 1015, 1021 (M.D.Fla.1982). Florida state courts recognize that entireties estates can exist in both real and personal property. *See First Nat'l Bank of Leesburg v. Hector Supply Co.,* 254 So.2d 777, 780 (Fla.1971). This is a position that federal courts sitting in Florida have followed as well. *See In re Peeples,* 105 B.R. 90, 94 (Bankr.M.D.Fla. 1989). However, unlike real property where there is a presumption that the property is held in the entireties, there is no such presumption with personal property. *See Hector,* 254 So.2d at 780.

■■■ In Florida, a tenancy by the entireties is created in personal or real property when there is a unity of possession, interest, title, time, and marriage. *See id.* If the matter involves personal property, the debtor has the burden of proving the intent to create an entireties estate in the personalty. *See Stanley,* 122 B.R. at 604. In addition, the burden of proof is not met solely by a debtor or a non-filing spouse's testimony at the hearing on the objection to the claimed exemption. *See id.; see also In re Campbell,* 214 B.R. 411 (Bankr. M.D.Fla.1997); *In re Spatola,* 65 B.R. 49 (Bankr.S.D.Fla.1986); *In re Marchini,* 45 B.R. 187 (Bankr.S.D.Fla.1984). Rather, the debtor must provide a quantum of documentary proof establishing that an entireties estate was intended to be created when the personalty was acquired. *See In re Allen,* 203 B.R. 786, 791 (Bankr. M.D.Fla.1996).

In the instant case, the sole evidence presented was the testimony of Debtor and his wife. This evidence is not sufficient to meet the burden of proving that the properties claimed as exempt are owned as tenants by the entireties. Debt-

or cites *Allen* for the proposition that the sole offering of witness testimony will support a finding of tenancy by the entireties in personal property. Debtor, however, has incorrectly interpreted *Allen*. Careful reading of *Allen* shows that the finding of tenancy by the entireties turned on the evidence of an account that was actually held by the debtor and his spouse titled tenancy by the entireties. *See id.* at 790.

Debtor also argues for the Court to follow the test set forth in *In re Wincorp, Inc.*, 185 B.R. 914, 918 (Bankr.S.D.Fla. 1995). The court in *Wincorp* held that there is a presumption of tenancy by the entireties in personal property as well as real property. *Id.* at 919; (citing *In re Luna*, 100 B.R. 605 (Bankr.S.D.Fla.1989)). However, in *Stanley*, this Court noted that *Luna* was inconsistent with the holdings of the Florida Supreme Court and declined to adopt its reasoning, and instead chose to adopt the findings of *Marchini* and *Spatola*. *See Stanley*, 122 B.R. at 605.

### CONCLUSION

Debtor has failed to introduce documentary evidence, which is necessary to support a finding of ownership of personal property as tenancy by the entireties. The Court sustains the Trustee's objections to Debtor's claim of exemptions as to the Debtor's personal property. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.