In re Ross O. HOWE, Debtor.

Bankruptcy No. 98–9861–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 16, 1999.

Nina M. LeFleur, Jacksonville, FL, for debtor.

Charles W. Grant, Jacksonville, FL, Chapter 7 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Chief Judge.

This case came before the Court upon Trustee's Objection to Debtor's Claim of Exemptions. Upon the evidence presented at hearings on June 30, 1999, and August 5, 1999, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on November 17, 1998. (Doc.

1.) Debtor's spouse, Judy C. Howe, did not join in Debtor's petition or file a separate petition.

2. On Debtor's Schedule C filed November 17, 1998, Debtor claimed as exempt, among other things, personal property belonging to him individually valued at $525 and household goods belonging to him and his spouse as tenants by the entireties valued at $2,870. (Trustee Ex. 1.)

3. Aaron R. Cohen ("Trustee") filed an objection to debtor's claim of exemptions on February 3, 1999. (Doc. 14.) Trustee's objection asserts that the value of the personal property Debtor claims as exempt exceeds the $1,000 Florida Constitutional limit and that Debtor fails to designate with particularity the personal property claimed as exempt.

4. Trustee produced an appraisal valuing all of the personal property in the possession of Debtor and his spouse, including household goods, at $6,817. (Trustee Ex. 2.) From the total value of appraised personal property, the appraiser determined that property valued at $4,649 belongs to Debtor individually.[1]

5. Debtor does not dispute the appraised value of the personal property in his and his spouse's possession, but Debtor does dispute the appraiser's determination that Debtor individually owns personal property valued at $4,649. Specifically, Debtor now claims that he individually owns property valued at $987.50; he and his spouse own property valued at $4,096 as tenants by the entireties; his spouse individually owns property valued at $187.50; and his corporation, Howe Sales, Inc., owns property valued at $1,556.

6. Debtor now designates as exempt the personal property valued at $987.50 which he claims to own individually, and the personal property valued at $4,096

---

1. The appraisal value of $4,649 was determined by adding the value of Debtor's half of the personal property jointly owned with his spouse, $2,168, to the value of Debtor's other personal property, $2,481. (Trustee Ex. 2.)

which he claims to own with his spouse as tenants by the entireties.

7. To support his claim of an entireties exemption in $4,096 worth of personal property, Debtor produced a set of draft interrogatory answers prepared by an attorney who represented him in judgment collection proceedings several years before this case. (Debtor Ex. 2.) In response to one interrogatory, the attorney wrote that all of Debtor's personal property was exempt from the claims of Debtor's creditors because Debtor and his spouse owned the property as tenants by the entireties.[2] Moreover, Debtor and his spouse testified that the same attorney advised them to acquire all personal property in the future as tenants by the entireties to exempt it from Debtor's creditors. They further testified that, since receiving that advice, they have purchased all personal property with the intent to own it as tenants by the entireties. Debtor also produced six furniture sale receipts made out to either Debtor, his spouse, or both, and testified that these receipts show Debtor's and his spouse's intent to purchase the furniture as tenants by the entireties.[3]

### CONCLUSIONS OF LAW

Trustee objects to any personal property exemptions claimed by Debtor beyond the $1,000 Florida Constitutional limit. Debtor asserts that in addition to personal property valued at $987.50 which is exempt under the $1,000 Florida Constitutional exemption, personal property valued at $4,096 is exempt under Florida law as property owned by Debtor and his spouse as tenants by the entireties. The issue

before the Court is whether Debtor's claim of exemption for personal property held in an entireties tenancy should be disallowed.

When a debtor commences a case under the Bankruptcy Code, an estate is created to hold all of the property in which the debtor has a legal or equitable interest as of the date of the filing of the bankruptcy petition. *See* 11 U.S.C. § 541(a) (1999). A debtor may exempt certain property from the bankruptcy estate by choosing exemptions authorized under 11 U.S.C. § 522; either the specifically enumerated federal exemptions in § 522(d) or the exemptions available in the state of the debtor's residence under § 522(b). However, § 522(b) allows a state to limit its residents to only the available state exemptions. When a debtor chooses state exemptions, or when the debtor's state requires state exemptions, the debtor is entitled to an exemption for any interest in property held by the debtor as a tenant by the entirety to the extent that the applicable state law provides such an exemption. *See* 11 U.S.C. § 522(b)(2)(B).

The State of Florida has chosen to limit its residents who are bankruptcy debtors to Florida exemptions as authorized by 11 U.S.C. § 522(b). *See* FLA.STAT. § 222.20 (1999). Thus, debtors who are Florida residents are both entitled and limited to Florida exemptions, including a $1,000 personal property exemption. *See* FLA. CONST. art. X, § 4. Also, Florida has judicially recognized the availability of tenancies by the entireties in personal property, allowing a husband and wife to own personal property as tenants by the entire-

---

**2.** The interrogatory states:

26. If you claim that any of the real or personal property owned by you is exempt from the claims of your creditors, state:

(Debtor Ex. 2.) The handwritten response to the interrogatory, which Debtor testified was written by his former attorney, provides:

All property is exempt under Florida law. Homestead is exempt because it is jointly owned [and] protected by the Florida Constitution. All other property owned as "tenants by the entirety" so as to make it ex-

empt from judgment against individual spouse.

*Id.*

**3.** Two of the receipts are made out to "Ross Howe" (Debtor Exs. 4, 5); one is made out to "Judy C. Howe" (Debtor Ex. 8); one is made to "M/M. Ross Howe" (Debtor Ex. 6); one is made out to "Ross & Judy Howe" (Debtor Ex. 7); and one is made out to "Judy/Ross Howe." (Debtor Ex. 9.)

ties when the unities of possession, interest, title, time and marriage are present. *See In re Bundy*, 235 B.R. 110, 112 (Bankr.M.D.Fla.1999); *First Nat'l Bank of Leesburg v. Hector Supply Co.*, 254 So.2d 777, 779 (Fla.1971). Entireties property belongs to neither spouse individually, but to a separate entity created by their marriage. *See Bundy*, 235 B.R. at 112. Thus, personal property owned by spouses as tenants by the entireties is exempt from inclusion in the bankruptcy estate of either spouse as an individual debtor. *See id.*

 A trustee or creditor objecting to a debtor's claim of exemption has the burden of proving that the exemption is not properly claimed. *See* Fed.R.Bankr.P. 4003(c). However, controlling Florida law requires a debtor claiming an entireties exemption for personal property to prove not only the form of the tenancy, but also that the debtor and spouse acquired the property with the specific intent to create an entireties tenancy in the property. *See Bundy*, 235 B.R. at 112; *Doing v. Riley*, 176 F.2d 449, 454 (5th Cir.1949). This proof requirement creates a presumption in Florida against an entireties tenancy in personal property. *See In re Blais*, 220 B.R. 485, 490–91 (S.D.Fla.1997). A debtor claiming an entireties exemption for personal property must rebut the presumption with proof of specific intent before the objecting trustee or creditor is required to meet the ultimate burden of proving that the exemption should be disallowed. *See id.* at 491. As this Court has previously held, a debtor's proof of specific intent to create an entireties tenancy in personal property must include a quantum of documentary evidence; testimonial evidence alone is insufficient. *See Bundy*, 235 B.R. at 112.

 In this case, Debtor has produced insufficient evidence to prove his and his spouse's specific intent to acquire any personal property as tenants by the entireties. Although Debtor and his spouse offered testimonial evidence of their specific intent to acquire entireties property, Debtor's documentary evidence fails to prove any specific intent. First, far from proving any specific intent of Debtor and his spouse, the draft interrogatory answers prepared by Debtor's former attorney only prove that the former attorney contemplated that Debtor and his spouse owned entireties property at that time. Second, none of the six furniture receipts shows any specific intent on the part of Debtor and his spouse to acquire property as tenants by the entireties. Although three of the six receipts are made out to Debtor and his spouse, the receipts do not prove Debtor's and his spouse's specific intent to create any entireties tenancy in the furniture purchased because that intent does not clearly appear on the receipts. *See Doing*, 176 F.2d at 454; *see also Leesburg*, 254 So.2d at 781 (finding bank account signature card showing joint ownership of account by spouses consistent with tenancy by entireties, but remanding for determination of intent because signature card did not expressly identify account as held by entireties).

Debtor has failed to produce the required quantum of documentary evidence of his and his spouse's specific intent to acquire, as tenants by the entireties, any of the personal property he claims as exempt. Thus, the Court turns to the appraisal evidence produced by Trustee and finds that Debtor individually owns personal property valued at $4,649.

## CONCLUSION

Having determined that Debtor is not entitled to any entireties tenancy exemption for personal property, the Court sustains Trustee's Objection to Debtor's Claim of Exemptions to the extent that Debtor has claimed as exempt personal property in excess of the $1,000 Florida Constitutional exemption. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.