**In re George S. MCANANY, Debtor.**

**No. 02–5594–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 16, 2003.

Edward P. Jackson, Jacksonville, FL, for Debtor.

Aaron R. Cohen, Jacksonville, FL, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court upon Trustee's Objection to Debtor's Claim of Exemptions. After a hearing on May 7, 2003 the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1.  On June 13, 2002 the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.
2.  Debtor's wife did not file separately or join in his petition.
3.  On August 30, 2002, the Trustee objected to the Debtor's valuation of household goods and to the exemption of the household goods as tenants by the entireties.
4.  There is $3,200.50 of jointly owned property at issue.
5.  At the hearing, Debtor testified there is no evidence to support his claim of tenancy by the entireties.
6.  Debtor was not able to explain what the term tenancy by the entireties meant at the hearing and testified he had only recently learned of the term through his attorney.

### CONCLUSIONS OF LAW

The issue before the Court is whether the presumption of tenancy by the entireties extends to all personal property or just to bank account based upon a ruling made by the Florida Supreme Court in the case of *Beal Bank, SSB v. Almand & Associates,* 780 So.2d 45 (Fla.2001).

### *Presumption Of Tenancy By The Entireties In Regards To Personal Property*

Documentary proof of intent to own personal property as tenancy by the

entireties is required to support a finding of ownership by the entireties. *In re Bundy*, 235 B.R. 110 (Bankr.M.D.Fla.1999). In Florida, to create a tenancy by the entireties in personal or real property there needs to be a unity of possession, interest, title, time, and marriage. *Id.* at 112. If personal property is involved the debtor must prove the intent existed to create an entireties estate in the personal property. Id.; *In re Stanley*, 122 B.R. 599, 604 (Bankr.M.D.Fla.1990). Additionally, a debtor does not meet the burden of proof by merely testifying at the hearing regarding the objection to exemption. *In re Bundy*, 235 B.R. at 112; *In re Campbell*, 214 B.R. 411 (Bankr.M.D.Fla.1997); *In re Spatola*, 65 B.R. 49 (Bankr.S.D.Fla. 1986). Instead, the debtor must produce a "quantum of documentary proof" that establishes the debtor intended to create an entireties estate at the time when the personal property was acquired. *In re Bundy*, 235 B.R. at 112; *In re Allen*, 203 B.R. 786, 791 (Bankr.M.D.Fla.1996).

"The legitimate expectations of the parties regarding an account jointly held by them as a married couple should be no different than a home jointly owned by them as a married couple." *Beal Bank*, 780 So.2d at 58. In *Beal Bank*, the creditor attempted collection on judgments by garnishing several bank accounts held by the debtors and their wives. *Id.* at 49. The Florida Supreme Court found that if the unities required to establish a tenancy by the entireties existed as to a bank account, then a creditor was required to prove a tenancy by the entireties did not exist to collect from that bank account. *Id.* at 48–49. Further, the court held that a rebuttable presumption arises as to the existence of a tenancy by the entireties if the signature card that the bank account is titled in does not specifically disclaim ownership by the entireties and all other unities necessary for ownership are estab-

lished. *Id.* at 60. However, the Court also stated that no presumption of a tenancy by the entireties will arise if a signature card designates another form of ownership and specifically states that the account is not held by the entireties. *Id.* at 60–61.

In the instant case, the Debtor argues that the Florida Supreme Court's decision in *Beal Bank* extends to all personal property and not just to joint bank accounts. The Trustee, however, argues that the *Beal Bank* decision is limited to bank accounts and that the Court should decline from broadening the scope of the court's decision. Additionally, the Trustee points to the fact that, unlike in the instant case, there was documentary evidence in *Beal Bank* that supported the assertion of the debtors that they intended to own the property by the entireties with their non-debtor spouses. The Trustee asserts it is clear from the Debtor's testimony at the hearing that the Debtor and his non-debtor spouse did not intend to hold their furniture and appliances by the entireties. In support of this, the Trustee points to the fact that the Debtor did not even have a basic understanding of what tenancy by the entireties meant and had only recently learned of the term through his attorney.

■ The Court agrees with the Trustee's position that the Florida Supreme Court's decision in *Beal Bank* does not extend the presumption of tenancy by the entireties to all personal property. If the Florida Supreme Court wanted to extend the presumption of tenancy by the entireties to all personal property it clearly could have. However, the court chose not to do so and spoke in regards to bank accounts throughout the entire opinion. Specifically, the court in *Beal Bank* stated, "We hope to bring greater predictability and uniformity to the common law governing accounts held at financial institutions and

to eliminate the confusion that has arisen from out prior decisions in this area..." *Id.* at 62.

■ Additionally, the Court agrees with the Trustee's argument that there was no prior intent on the part of the Debtor and his non-debtor spouse to hold personal property by the entireties.

### CONCLUSION

Therefore, the Court declines to extend the holding set forth in *Beal Bank*, and finds that a presumption of tenancy by the entireties does not extend to all personal property. Accordingly, the Court sustains the Trustee's objection to the Debtor's claim of exemptions since the Debtor was unable to produce documentary proof of his intention to own the personal property at issue by the entireties. The Court will enter a separate order in accordance with these Findings of Fact and Conclusions of Law.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

This Case is before the Court upon the Trustee's Objection to Debtor's Claim of Exemptions. Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. The Trustee's Objection to Debtor's Claim of Exemptions is sustained.

2. The Debtor and his non-filing spouse shall divide the joint personal property worth $3,200 between themselves.

3. Debtor shall select $1,000 worth of personal property and turn the remainder over to the Trustee within ten (10) days after the date of the entry of this Order.