821 So.2d 1251 (2002)
Philip F. CACCIATORE, Jr., Appellant,
v.
FISHERMAN'S WHARF REALTY LIMITED PARTNERSHIP, by and through Emalfarb Investment Corp., its general partner, et al., Appellees.
No. 4D01-4123.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
*1252 Thomas J. Ali and Scott Kramer of Kramer, Ali, Fleck, Carothers, Hughes, Gelb & Bornstein, Jupiter, for appellant.
Gregory L. Scott of Nason, Yeager, Gerson, White & Lioce, P.A., West Palm Beach, for appellees.
OWEN, WILLIAM C., JR., Senior Judge.
The trial court determined that a stock certificate titled in the joint names of appellant and his wife was owned by them as joint tenants, not as tenants by the entirety, and thus, appellee, the holder of a judgment against appellant, was entitled to have the sheriff levy on appellant's interest in the certificate.[1] We conclude that as between debtor and creditor the holding and rationale of Beal Bank, SSB v. Almand & Associates, 780 So.2d 45 (Fla. 2001), should be extended to create a presumption of tenancy by the entireties in the stock certificate. Accordingly, we reverse the order appealed and remand with directions.
After its judgment against appellant had been affirmed,[2] appellee sought an order authorizing the sheriff to levy writ of execution on a stock certificate for 510 shares of Nantucket Enterprises, Inc., which certificate designated "Phillip F. Cacciatore, Jr. and Elaine Cacciatore, his wife" as owner. Initially, appellee had sought to prove that appellant was the sole owner of the 510 shares of stock, and that his wife had no interest therein. Although there was evidence both pro and con on that issue, the trial court resolved that matter against appellee's position, finding that the stock was held by appellant and his wife jointly. No issue is raised on this appeal concerning that finding.
As its fall back position, appellee argued to the trial court that, even if the court found appellant and his wife owned the certificate jointly, the court nonetheless would have to find as a matter of law that their ownership was as joint tenants and *1253 not as tenants by the entireties since there was no evidence before the court as to the intent of appellant and his wife to create an estate by the entireties in the certificate. In support of that argument appellee cited Florida case law[3] holding that personal property taken in the joint names of a husband and wife, unlike real property when title was so taken, created no presumption that a tenancy by the entireties was intended but required the owners to prove that intent. The trial court, apparently accepting that argument, entered the order appealed determining that appellant and his wife owned the stock as joint tenants, not as tenants by the entirety, and directed the sheriff to levy and execute on appellant's one-half interest in the certificate.
In Beal Bank, the court answered the following certified question (as rephrased by the court) in the affirmative:
I. In an action by the creditor of one spouse seeking to garnish a joint bank account titled in the name of both spouses, if the unities required to establish ownership as a tenancy by the entireties exist, should a presumption arise that shifts the burden to the creditor to prove that the subject account was not held as a tenancy by the entireties?
Beal Bank, 780 So.2d at 48. The court there was dealing with bank accounts titled in the names of both spouses and, thus, its ultimate holding dealt specifically with joint bank accounts. Nonetheless, in reaching that holding the court expansively reviewed and discussed Florida case law, including the cases relied upon by appellee, to point out the disparity that existed in Florida as to the presumption of an estate by the entireties when a husband and wife took title to real property in their joint names and the absence of any such presumption when a husband and wife acquired and held personal property in their joint names. Having recognized the existence of such a disparity, the court cogently pointed out sound reasons why it should be eliminated.[4] Of greater importance, and significant to our decision today, we think the court's opinion, fairly read, indicated that the time had come to eliminate that disparity and to accord to personal property in general (not just bank accounts) the same presumption of tenancy by the entireties when jointly owned by husband and wife as that accorded real property jointly owned by husband and wife. In this respect, the court said:
Although we understand the considerations that originally led to this Court's decision not to adopt a presumption of a tenancy by the entireties in personal property similar to that in real property, we conclude that stronger policy considerations favor allowing the presumption in favor of a tenancy by the entireties when a married couple jointly owns personal property. In fact, other jurisdictions apply a presumption in favor of a tenancy by the entireties to both real property and personal property.
Id. at 57 (footnote omitted). Consistent with that view, we hold that where a judgment creditor of one spouse seeks to levy under writ of execution against a stock certificate titled in the name of both spouses, *1254 if the unities required to establish ownership as a tenancy by the entireties exist, a presumption of such tenancy arises that shifts the burden to the creditor to prove that the stock was not so held. We believe the soundness of such holding is enhanced by our recognition, as a matter of common knowledge, that the alienation of a stock certificate held in spouses' joint names, just as title to real property held in spouses' joint names, requires greater formality than does alienation of the content of the joint banks accounts present in Beal Bank.
Appellee argues that irrespective of whether the holding of Beal Bank is limited solely to joint bank accounts, or is viewed as applicable to personalty in general, it does not support a presumption of tenancy by the entireties in the stock involved here. Pointing to the court's explicit holding, at 780 So.2d at 58, appellee argues that the court intended the presumption to arise only if husband and wife hold title in accordance with the unities of possession, interest, title and time and with right of survivorship. Thus, the argument continues, the presumption of tenancy by the entireties in the instant stock certificate could not arise because the words "with right of survivorship" were not present.
We think it clear that the holding in Beal Bank does not require, in order for the presumption to arise, the presence of the words "with right of survivorship," any more than it requires the presence of words describing each of the other unities characteristic of a tenancy by the entireties. Rather, the presumption arises from taking title in the spouses' joint names. The creditor then has the burden to prove by the preponderance of the evidence that one of the necessary unities (including, if such be the case, the right of survivorship) did not exist at the time the certificate was acquired. When husband and wife take title to property as a tenancy by the entireties, each is seized of the estate thus granted per tout et non per my. See First Nat'l Bank of Leesburg v. Hector Supply Co., 254 So.2d 777, 780 (Fla.1971). Upon the death of one spouse, the surviving spouse continues to be seized of the whole. Thus, survivorship, in the generally accepted sense that after death of one spouse the surviving spouse continues to hold the entire estate, is the very essence of the unique nature of a tenancy by the entireties. It would be redundant to add the words "with right of survivorship" when describing the interest of a husband and wife who intend to take title to property as tenants of an estate by the entireties. Thus, we further hold that for the presumption to arise in connection with ownership of a stock certificate issued in the joint names of a husband and wife the words "with right of survivorship" are not required to be appended.
The order appealed is reversed. Upon remand, the trial court shall reconsider the judgment creditor's motion in light of this court's opinion. For that purpose, the court may conduct such further hearings, including the taking of additional evidence, as the court in its discretion may deem appropriate.
REVERSED.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] The order likewise directed levy on appellant's interest in two jointly titled automobiles, but this appeal involves only the portion of the order pertaining to the stock.
[2] See Cacciatore v. Fisherman's Wharf Realty Ltd. P'ship, 778 So.2d 1076 (Fla. 4th DCA 2001).
[3] Appellee cited to the trial court some or all of the cases it likewise cites here for that position: First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla.1971); Cadle Company v. G & G Associates, 741 So.2d 1257 (Fla. 4th DCA 1999); Amsouth Bank of Florida v. Hepner, 647 So.2d 907 (Fla. 1st DCA 1994); Hurlbert v. Shackleton, 560 So.2d 1276 (Fla. 1st DCA 1990); In re: Bundy, 235 B.R. 110 (M.D.Fla.1999).
[4] "[T]he effect of our decisions ... was to set up both an obstacle course for litigation and a trap for the unwary...." 780 So.2d at 57.