PER CURIAM.
Appellant seeks review of a final order dismissing with prejudice for failure to state a cause of action its action seeking an accounting. Accepting the material factual allegations of appellant’s complaint as true, as we are obliged to do, see, e.g., Andrews v. Fla. Parole Comm’n, 768 So.2d 1257, 1260 (Fla. 1st DCA 2000), we conclude that those allegations are sufficient to state a cause of action for an accounting. See Armour & Co. v. Lambdin, 154 Fla. 86, 96, 16 So.2d 805, 810 (1944) (citing 1 C.J.S., Accounting § 19, for the proposition that an accounting is appropriate where a fiduciary relationship exists even if the accounts are not complicated, no discovery is sought, and there is a concurrent remedy at law available). Accord Ashemimry v. Ba Nafa, 778 So.2d 495, 498 (Fla. 5th DCA 2001). Accordingly, we reverse the final order dismissing with prejudice for failure to state a cause of action appellant’s action for an accounting, and remand for further proceedings.
REVERSED and REMANDED, with directions.
KAHN, WEBSTER and DAVIS, JJ., concur.