**In re Shilo DANIELS, Debtor.**

**No. 03–09358–6J7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

March 31, 2004.

James H. Monroe, James H. Monroe, P.A., Orlando, FL, for debtor.

Kenneth D. Herron, Jr., Wolff, Hill, McFarlin & Herron, PA, Orlando, FL, trustee.

## MEMORANDUM OPINION PARTIALLY SUSTAINING AND PARTIALLY OVERRULING TRUSTEE'S AMENDED OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS AND DEBTOR'S RESPONSE

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on January 13, 2004, on the Trustee's Amended Objection to Debtor's Claim of Exemptions (Doc. No. 8) and Debtor's Response (Doc. No. 13). The debtor filed this Chapter 7 case on August 12, 2003. Although he is married, the debtor's wife did not sign the petition or join in the bankruptcy case. The debtor, however, owns two cars with his wife: a 1965 Chevrolet Corvette and a 2000 Chevrolet Impala. The debtor has claimed the entire value of both of these vehicles as exempt from administration in this case, pursuant to Bankruptcy Code[1]

---

1. Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the

Section 522(b)(2)(B), asserting that he and his wife own the cars jointly as tenants by the entirety. The Chapter 7 trustee objects to this claim arguing that the vehicles are owned by the debtor and his wife as joint tenants and, accordingly, that the debtor's interest in the vehicles is subject to administration for the benefit of the debtor's creditors.

The single issue presented is whether the vehicles are owned by the debtor and his wife as tenants by the entirety or as joint tenants. If the debtor and his wife own the vehicles as tenants by the entirety, they are exempt from the claims of creditors of the debtor. If the debtor and his wife own the vehicles as joint tenants, the trustee can administer the debtor's interest in the property for the benefit of the debtor's creditors. As discussed below, the court concludes that the debtor and his nonfiling wife do indeed own one car as tenants by the entireties, but the court conversely concludes that the other car is owned by them as joint tenants. Therefore, one car is subject to administration by the Chapter 7 trustee; the other is not.

■ When a debtor files a Chapter 7 bankruptcy case, a broad estate is created consisting of all property in which the debtor has a legal or equitable interest as of the date the petition is filed. 11 U.S.C. § 541(a). A debtor can remove property from his or her estate using exemptions available under either federal or state law. *In re Howe*, 241 B.R. 242, 245 (Bankr. M.D.Fla.1999). In Florida, the state has elected to opt out of the federal exemptions and to limit its residents to the exemptions available under Florida law, one of which permits married couples to claim a tenancy by the entireties exemption for personal property so long as the unities of possession, interest, title, time and marriage are present. *Howe*, 241 B.R. at 245–46; Fla. Stat. Ch. 222.20 (2003). Here, the debtor relies on this unique form of ownership, tenancy by the entireties, to support his claimed exemption in the two cars.

■ Property owned as tenants by the entirety "belongs to neither spouse individually, but to a separate entity created by their marriage." *Howe*, 241 B.R. at 246. "[E]ach spouse is seized of the whole." *Beal Bank v. Almand and Assoc.*, 780 So.2d 45, 53 (*citing First Nat'l Bank v. Hector Supply Co.*, 254 So.2d 777, 780; *Wilson v. Florida Nat'l Bank & Trust Co.*, 64 So.2d 309, 313 (Fla.1953)). Accordingly, property held as tenants by the entirety can only be reached to satisfy a husband and wife's joint debts and cannot be reached to satisfy the obligations of only one spouse. *Beal Bank*, 780 So.2d at 53; *In re Golub*, 80 B.R. 230, 232 (Bankr. M.D.Fla.1987). Therefore, in cases where only one spouse incurs debts, ownership of property by a married couple as tenants by the entirety effectively stops creditors from reaching the debtor's assets. Here, no joint debts exist that would allow the trustee to administer property owned by the debtor and his non-filing spouse as tenants by the entireties.

■ A married couple, however, can choose to own property in a form other than as tenants by the entirety. For example, spouses can chose to own property as joint tenants and not as tenants by the entirety. If so, each spouse then is presumed to own an equal share for the purposes of alienation. *Beal Bank*, 780 So.2d at 53. Therefore, a creditor holding a claim against only one spouse can reach that spouse's share of the joint tenancy property to satisfy the claim, regardless of

United States Code.

the interest of the other · non-debtor spouse. *Id.* Therefore, if the cars in question are owned by the debtor and his non-filing spouse as joint tenants, the Chapter 7 trustee is authorized to sell the debtor's interest in the vehicles and divide the proceeds among the debtor's creditors.

Relying upon Florida Statute Sections 319.22(2)(a)(1) and (2) and the decision of Florida's First District Court of Appeal in *Amsouth Bank v. Hepner,* 647 So.2d 907 (Fla. 1st Dist.Ct.App.1994), the trustee argues that the debtor cannot claim an exemption in either vehicle as tenants by the entirety with his wife because of the way their names are listed on the car titles. Their names are not separated on the Corvette title or the Impala title using the conjunctive term "and" as specified by Florida Statute Section 319.22(2)(a)(2). Rather, the trustee argues, the vehicles are owned by the debtor and his wife only as joint tenants under the plain language of Florida Statute Sections 319.22(2)(a)(1). The relevant statutes provide as follows:

> When a motor vehicle or mobile home is registered in the names of two or more persons as coowners in the alternative by the use of the word *"or"* such vehicle shall be held in joint tenancy. Each coowner shall be deemed to have granted to the other coowner the absolute right to dispose of the title and interest in the vehicle or mobile home, and the signature of any co owner shall constitute proper endorsement. Upon the death of a coowner, the interest of the decedent shall pass to the survivor as though title or interest in the vehicle or mobile home was held in joint tenancy. This provision shall apply even if the coowners are husband and wife. FLA. STAT. Ch. 319.22(2)(a)(1) (2003) (*emphasis added*).

. . . . .

When a vehicle or mobile home is registered in the names of two or more persons as coowners in the conjunctive by the use of the word *"and,"* the signature of each coowner or his or her personal representative shall be required to transfer title to the vehicle or mobile home. FLA. STAT. Ch. 319.22(2)(a)(2) (2003) (*emphasis added*).

The titles for both the Corvette and the Impala list the names of both the debtor and his wife. The couples' names appear on the Corvette title as: **"DANIELS SHILO—SHARON H"** and on the Impala title as: **"DANIELS SHILO (-) OR SHARON (H)."** Thus, a hyphen with no conjunction separates the two names on the Corvette title, and a hyphen in addition to the disjunctive term "or" separates the names on the Impala title. The issue is whether these titles create an ownership between the spouses as joint tenants or as tenants by the entireties.

The trustee points to the *Hepner* decision and the discussion of Florida Statute Section 319.22(2) in which the Florida appellate court noted that the creation of an estate by the entirety in vehicles registered in Florida requires two separate elements of proof: (i) the intention to create an estate by the entireties; and, (ii) registration in the names of husband *and* wife. *Hepner,* 647 So.2d at 910. After reviewing the statute, the *Hepner* court concluded that, where a vehicle is titled in the names of co-owners using the disjunctive term "or," extrinsic evidence cannot establish an estate by the entirety, regardless of the parties' intent. *Id.* In other words, where "or" separates multiple names on a car title, a joint tenancy results. Any inquiry into the intent of the parties or the form of ownership ends. Applying this simple rule, it appears that the Impala, titled in the name of the debtor "or" his wife, is

owned by them as joint tenants, regardless of their intent.

The more difficult issue arises in connection with the Corvette, which is titled with no separation between the spouses' names other than a mysterious hyphen. Neither an "or" or an "and" separates the debtors' names. No published case has examined the presence and meaning of a hyphen separating names on a car title. However, courts have reached differing conclusions on the meaning of a hyphen where a hyphen separates payees on a check. Some courts have interpreted the hyphen as indicating joint payees; others have interpreted the hyphen as creating a single payee. *J.R. Simplot, Inc., v. Knight,* 139 Wash.2d 534, 543, 988 P.2d 955 (Wash. 1999). Dictionaries also give the hyphen alternative meanings, defining it as "a punctuation mark 'used to **divide** or **compound** words or word elements....' " *Id.* at 544, 988 P.2d 955 (*citing Webster's Third New International Dictionary* 1114 (1993)). A hyphen can mean either "or" or "and." Thus, the meaning of a hyphen joining two parties in some unspecified way is ambiguous.[2]

Section 319.22 of the Florida Statutes does not provide any help in resolving this ambiguity; the statute only addresses transfers of vehicles with titles separating co-owners with the words "and" or "or." The statute does not address any variation from these two options, such as the use of a hyphen standing alone. Therefore, in the absence of statutory guidance, the court must look to common law, particularly the law interpreting tenancy by the entireties, to determine the proper form of ownership for the Corvette. Luckily, the Florida Supreme Court recently discussed in depth how to prove ownership as tenants by the entirety in personal property

in *Beal Bank v. Almand and Assoc.,* 780 So.2d 45 (Fla.2001).

In *Beal Bank,* the court extended a presumption of tenancy by the entireties ownership to financial accounts, a type of personal property, held by married couples where the property possesses the requisite unities of possession, interest, title, time, survivorship, and marriage. *Beal Bank,* 780 So.2d at 52. Prior to this decision, such a presumption only existed in connection with real property owned jointly by a husband and wife, not personal property.

In both cases, the presumption is rebuttable and can be overcome by a finding of fraud. This presumption operates to shift "the burden to the creditor to prove by a preponderance of evidence that a tenancy by the entireties was *not* created." *Beal Bank,* 780 So.2d at 58–59 (*citations omitted*) (*emphasis added*). "[W]hen evidence rebutting such a presumption is introduced, the presumption does not automatically disappear." *Id.* at 59, n. 20. Rather, the presumption is "not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case." *Id.*

The debtor now contends that this presumption should be extended beyond financial accounts to prove tenancy by the entireties ownership in all types of personal property, including the debtor's Corvette. At least one court has declined to extend *Beal Bank's* tenancy by the entireties presumption to personal property other than financial accounts. *See In re McAnany,* 294 B.R. 406 (Bankr.M.D.Fla. 2003). Moreover, the *Beal Bank* decision included a lengthy discussion of banking practices and suggested changes. The court acknowledged the confusion generated by the historical failure to recognize a

---

**2.** However, the virgule mark ("/") has been held to unequivocally mean "or."

presumption in favor of a tenancy by the entireties in joint marital bank accounts (*Beal Bank,* 780 So.2d at 58), and specifically held that, unless expressly disclaimed, "a presumption arises that a *bank account* titled in the names of both spouses is held as a tenancy by the entireties as long as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship." *Id.* (*emphasis added*).

However, throughout the opinion, the court frequently referred to "personal property" in a much more general sense. To wit, the court identified bankruptcy courts from other jurisdictions applying the presumption in favor of and against real property and personal property generally (*Id.* at 54, 57), acknowledged the difficulty in proving whether personal property (again, generally) is held as tenants by the entirety or as joint tenants with a right of survivorship because the characteristics, unlike the consequences, of such ownership are the same (*Id.* at 56), and noted that extending the presumption to personal property (again referenced by the court in the non-specific, general sense) would "eliminate the necessity for litigation concerning the intent of the parties" with respect to a determination of the form of personal property ownership that often lacks title or formal transfer documentation (*Id.* at 55). Furthermore, the Florida Supreme Court specifically concluded "that stronger policy considerations favor allowing the presumption in favor of a tenancy by the entireties when a married couple jointly owns *personal property.*" *Id.* at 57 (*emphasis added*). Thus, while the court in *Beal Bank* explicitly addressed an issue involving only marital bank accounts, the court also discussed in detail ownership issues surrounding marital personal property in general and expressly concluded that strong policy reasons exist for extending the tenancy by the entireties presumption to jointly owned marital personal property, not just to financial accounts.

Accordingly, this court finds little basis or reason to distinguish among the various types of personal property in applying the tenancy by the entireties presumption. Where the required unities are present, the court concludes that *Beal Bank's* presumption can and should be extended to include all marital personal property, not just financial accounts. *See Cacciatore v. Fisherman's Wharf Realty Limited Partnership,* 821 So.2d 1251 (Fla. 4th DCA 2002) (extending *Beal Bank's* tenancy by the entireties presumption to stock certificate owned by husband and wife).

The presumption is applicable, however, only when an ambiguity or uncertainty exists. Consistent with the Florida Supreme Court's conclusion that an express disclaimer of tenancy by the entireties ownership can overcome the presumption of such ownership for marital financial accounts, this court concludes that, in applying the tenancy by the entireties presumption broadly to all marital personal property, the presumption must yield to any statute specifically delineating how to create an ownership interest in any particular type of personal property, such as Section 319.22 of the Florida Statutes. In other words, the court will extend *Beal Bank's* presumption only in the *absence* of any controlling statute, express agreement, account statement, or other governing indicia that explicitly establishes a form of ownership other than tenancy by the entireties. For example, if the Corvette were titled as "Husband or Wife", Section 319.22(2)(a)(1) would control and establish that, like the Impala above, the car is owned by the debtor and his wife as

joint tenants regardless of the parties' intentions or the *Beal Bank* presumption.

Arguing that Section 319.22 of the Florida Statutes should cede to the *Beal Bank* presumption, the debtor points to an inadvertent footnote in an unpublished decision rendered by this court in *In re Weichertz*, No. 02–10850–6J7 (Bankr.M.D. Fla. April 25, 2003). The issue in that decision was whether a non-filing spouse had any legal interest in two motorcycles owned by the debtor. The non-filing spouse was not included on the title of either motorcycle. Upon holding that the spouse had no interest, in *dicta*, the court commented that Section 319.22 "may no longer be binding in cases of a vehicle titled between a husband and a wife." *Weichertz, supra*, at 4, n. 1. Upon further reflection in this case, which squarely raises the issue of the applicability of Section 319.22 after the *Beal Bank* decision, the court concludes that Section 319.22 of the Florida Statutes *does* remain enforceable, even as to vehicles owned jointly by a husband and a wife.

 The statute provides the way for spouses to expressly indicate which form of ownership they select. They may own a vehicle as tenants by the entireties by using the conjunction "and" or, alternatively, they may own the vehicle as joint tenants by using the disjunctive term "or". The choice is theirs to make. This is not similar to the situation involved with many financial accounts where spouses are *not* given the choice as to whether they wish to own the asset as tenants by the entireties. Rather, the statute mandates the way for spouses to establish each form of ownership. Therefore, if the names of multiple owners are separated on the vehicle title using the relevant terms "and" or "or", Section 319.22 controls. The only time the *Beal Bank* presumption will arise is when the title includes spouses as owners and neither "and" nor "or" are used. Then, as

with the Corvette here, an ambiguity exists, and the presumption will arise that the vehicle is owned by the spouses as tenants by the entireties.

The Chapter 7 trustee argues only that the explicit provisions of Florida Statute Section 319.22(2)(a)(1) operate to trump any presumption the debtor asserts under *Beal Bank*. He does not allege fraud, dispute the presence of the required unities, contend any joint creditors exist, or assert any basis to otherwise challenge the finding that the Corvette is owned by the debtor and his non-filing spouse as tenants by the entireties. Having found that the *Beal Bank* presumption does apply irrespective of Section 319.22 when the underlying title is ambiguous, and further finding no basis to rebut the presumption here, the court holds that the Corvette is exempt from claims of the debtor's creditors and is not subject to administration in this case. The trustee's objection is overruled as to the Corvette.

The opposite is true as to the 2000 Chevy Impala titled as "DANIELS SHILO (-) OR SHARON." Florida Statute Section 319.22(2)(a)(1) specifies that where the term "or" separates the names of multiple owners on a vehicle title, a joint tenancy results even where the co-owners are husband and wife. Although the names of the spouses are separated *both* by a hyphen and the word "or", the court resolves any possible ambiguity in this case by looking to the explicit and unequivocal use of the term "or" separating the names of the debtor and his wife on the title to the Impala. By including the "or" between their names, the debtor's title falls squarely within the ambit of Florida Statute Section 319.22(2)(a)(1). The spouses could have chose the conjunction "and" and owned the car as tenants by the entireties, but they did not. As a result, the court holds that the car is owned by the debtor and his wife

as joint tenants. As such, the debtor's interest in the property is not exempt from the claims of the debtor's creditors and is subject to turnover and administration by the Chapter 7 trustee for the benefit of the creditors of the debtor's estate. The trustee's objection is sustained as to the Impala. The debtor shall have fifteen days to deliver the Impala to the trustee for administration.

A separate order consistent with this ruling shall be entered.