In re Elizabeth Ann CALIRI, Debtor.

No. 6:05–bk–16436–ABB.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 8, 2006.

Jonathan B. Alper, Heathrow, FL, for Debtor.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Trustee's Objection to Debtor's Claim of Exemptions ("Objection") (Doc. No. 29) filed by Kenneth D. Herron, Jr., the Chapter 7 Trustee herein ("Trustee"), in which the Trustee objects to certain exemptions claimed by Elizabeth Ann Caliri, the Debtor herein ("Debtor"). Evidentiary hearings were held on February 6, 2006 and March 27, 2006. The parties were granted

leave to file post-hearing briefs and the record was held open to allow the Trustee to submit a Certificate of Documentation.[1] The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtor instituted this individual Chapter 7 case on October 15, 2005 ("Petition Date").[2] She was married to Philip R. Caliri, Jr., her non-filing spouse ("Husband"), as of the Petition Date.[3] Husband is listed in Schedule H as a co-debtor of mortgages on real property and a Ford Motor Credit car loan.[4] Neither Schedule F nor Amended Schedule F designate any of the listed unsecured nonpriority debts as joint debts.[5] Schedule E lists "none" for unsecured priority debts.

Schedules A and B list various items of real and personal property as assets of the Debtor, which the Debtor claims as exempt in Schedule C.[6] The Debtor claims four parcels of real property as fully exempt citing "*Beal Bank SSB v. Almand & Associates*, 780 So.2d 45 (Fla.2001)" (the "*Beal Bank* case") as the basis for the exemptions. She claims the following personal property as exempt pursuant to the *Beal Bank* case and/or Florida statutory law:

| Description | Exemption | Market Value | Exemption Basis |
|---|---|---|---|
| Cash on hand | $ 0.00 | $ 50.00 | Fl. Const Art. 10 § 4(a)(2), FSA § 222.061 |
| Checking/Money Market: Bank of America | $ 200.00 | $ 200.00 | Beal Bank |
| Checking/Money Market: Citizens Bank | $ 200.00 | $ 200.00 | Beal Bank |
| Checking: Bank of America | $10,000.00 | $10,000.00 | Beal Bank |
| Checking: Bank of America | $ 900.00 | $ 900.00 | Beal Bank |
| Checking: Bank of America | $ 150.00 | $ 150.00 | Fl. Const Art. 10 § 4(a)(2), FSA § 222.061 |
| Bedroom 2 | $ 500.00 | $ 500.00 | Beal Bank |
| Bedroom 3 | $ 450.00 | $ 450.00 | Beal Bank |
| Bedroom 4 | $ 400.00 | $ 400.00 | Beal Bank |
| Dining Room | $ 1,500.00 | $ 1,500.00 | Beal Bank |
| Electronics | $ 399.00 | $ 399.00 | Beal Bank |
| Garage | $ 2,000.00 | $ 2,000.00 | Beal Bank |
| Household Goods | $ 1,000.00 | $ 1,000.00 | Beal Bank |
| Kitchen Appliances | $ 500.00 | $ 500.00 | Beal Bank |
| Laundry/Utility | $ 1,500.00 | $ 1,500.00 | Beal Bank |
| Living Room | $ 3,000.00 | $ 3,000.00 | Beal Bank |
| Master Bedroom | $ 2,000.00 | $ 2,000.00 | Beal Bank |
| Pool/Patio | $ 500.00 | $ 500.00 | Beal Bank |
| Clothing | $ 500.00 | $ 500.00 | Fl. Const Art. 10 § 4(a)(2), FSA § 222.061 |

1. Trustee's Exh. No. 10.

2. Doc. No. 4. The documents filed at Doc. No. 1 do not relate to the Debtor and appear to have been filed in error. The error was remedied on October 15, 2005 with the filing of Amended bankruptcy papers at Doc. Nos. 4 through 6.

3. Doc. No. 4, Schedule I.

4. Doc. No. 4, Schedule H.

5. Doc. Nos. 4, 19.

6. Doc. No. 4.

| Wedding Ring | $ 335.00 | $ 2,000.00 | Fl. Const Art. 10 § 4(a)(2), FSA § 222.061 |
|---|---|---|---|
| Bicycle; Jet Skis(2) | $ 3,025.00 | $ 3,025.00 | Beal Bank |
| Stocks: Prudential—1 share | $ 15.00 | $ 15.00 | FSA §§ 222.21(2), 222.201 |
| 2002 Baja Cruiser Catamaran | $80,000.00 | $80,000.00 | Beal Bank |

The *Beal Bank* decision issued by the Florida Supreme Court addresses tenancy by the entireties ownership of assets in Florida, focusing on the ownership of personal property, particularly financial accounts. It appears from the Debtor's citation to the *Beal Bank* case she claims the four parcels of real property and several items of personal property as exempt entireties property. The Trustee timely filed his Objection objecting to several of the exemptions claimed by the Debtor. He objected to the exemptions of the four parcels of real property but later withdrew that objection.

The Trustee objects to the Debtor's claims of exemption in personal property to the extent: (i) the personal property is not held as tenants by the entireties; (ii) any joint creditor of the Debtor and Spouse could reach entireties property; and (iii) the value of the personal property exceeds the amount of the exemption allowed pursuant to Article 10 § 4(a)(2) of the Florida Constitution and Fl. Stat. § 222.061. The Trustee withdrew his objections to the claims of exemption in several items of personal property. His remaining objections are to the exemptions claimed as to: the Bank of America Account Number 003679379127; the Bank of America Account Number 003679975110; a checking account described as "Checking: Bank of America" having a value of $150.00; the jet ski with VIN YAMA1345H596; the jet ski with VIN YAMA1346H596; and the 2002 Baja Cruiser Catamaran Hull ID No. FRR07012K900.

### Description of Financial Accounts

The Debtor failed to provide adequate descriptions of her financial accounts in Schedules B and C. She provided no account numbers or other identifying information and merely lists three checking accounts with Bank of America as "Checking: Bank of America" and a fourth as "Checking/Money Market: Bank of America." The Debtor claims as fully exempt a "Checking: Bank of America" account valued at $150.00 pursuant to "Fl Const. Art. 10 § 4(a)(2), FSA § 222.061." The Trustee objected to the exemption on the basis the value of the Debtor's personal property exceeds the amount of the exemption allowed pursuant to Article 10 § 4(a)(2) of the Florida Constitution and Florida Statute § 222.061. The Debtor did not describe the exemption with sufficient particularity and offered no response to the objection establishing the exemption is proper. The claim of exemption of $150.00 for the "Checking: Bank of America" account is due to be disallowed.

### Bank of America Account 9127

The Debtor, using her maiden name Elizabeth A. Collins, and Husband opened a regular checking account, Account No. 003679379127, with Bank of America on February 18, 2003 ("Account 9127").[7] The Personal Signature Card for Account 9127 establishes the account is titled in the names "Philip R Caliri Jr Elizabeth A Collins." The Personal Signature Card sets forth three choices for ownership of the account. Ownership of the account can be designated, by checking the appropriate box, as "Individual," "Joint Account with Survivorship," or "Tenants by Entire-

---

7. Trustee's Exh. No. 3.

ties (Spouses Only)." [8] No ownership designation was made by the Debtor and Husband when the account was established. The Personal Signature Card has not been amended. The Debtor and Husband have not transferred or assigned their interests in Account 9127.

A balance of $21,363.81 existed in Account 9127 on the Petition Date.[9] The Debtor lists a value of $10,000 in Schedule B for the account and claims the account as fully exempt in Schedule C, citing the *Beal Bank* case. She contends she owns Account 9127 with Husband as tenants by the entireties.

The Debtor and Husband were married in Sarasota, Florida on April 19, 2003—two months *after* Account 9127 was opened. The unity of marriage, an essential unity for the creation of tenants by the entireties ownership, did not exist on the date Account 9127 was opened. Account 9127 is not owned by the Debtor and Husband as tenants by the entireties and she is not entitled to claim an exemption in the account based upon tenants by the entireties ownership. The Debtor owned a divisible non-exempt one half interest in Account 9127 on the petition date. The amount of $10,681.91, one half of the account balance as of the Petition Date, is not exempt and constitutes property of the estate. Her claim of exemption in the account is due to be disallowed.

### Bank of America Account 5110

The Debtor and Husband opened an interest checking account, Account No. 0036799795110, with Bank of America on March 24, 2003 ("Account 5110").[10] The Personal Signature Card for Account 5110 establishes the account is titled in the names "Elizabeth A Collins Philip R Caliri Jr." The Personal Signature Card (whose format is identical to the Personal Signature Card for Account 9127) sets forth three choices for ownership of the account: "Individual," "Joint Account with Survivorship," or "Tenants by Entireties (Spouses Only)." [11] The Debtor and Husband selected "Joint Account with Survivorship." The Personal Signature Card has not been amended. The Debtor and Husband have not transferred or assigned their interests in Account 5110.

A balance of $239.30 existed in Account 5110 on the Petition Date.[12] The Debtor claims the account as fully exempt in Schedule C, citing the *Beal Bank* case. She contends Account 5110 is owned with Husband as tenants by the entireties. Account 5110, however, was created *before* the Debtor and Husband were married. The essential unity of marriage was not present when the account was created and, therefore, it could not be owned by the Debtor and Husband as tenants by the entireties.

Account 5110 is not owned by the Debtor and Husband as tenants by the entireties and she is not entitled to claim an exemption in the account based upon tenants by the entireties ownership. The Debtor owned a divisible non-exempt one half interest in Account 5110 on the Petition Date. The amount of $119.65, one half of the account balance as of the Petition Date, is not exempt and constitutes property of the estate. Her claim of exemption in the account is due to be disallowed.

### Yamaha Jet Skis

The Debtor has an ownership interest in two Yamaha jet skis having Vehicle Identi-

8.  Trustee's Exh. No. 3.

9.  Trustee's Exh. No. 5.

10. Trustee's Exh. No. 4.

11. Trustee's Exh. No. 4.

12. Trustee's Exh. No. 6.

fication Numbers YAMA1345H596 and VIN YAMA1346H596 (collectively, "Jet Skis"), which were purchased by the Debtor and Husband on February 15, 2005 for a total purchase price of $3,500.00.[13] The Jet Skis are registered vessels with the State of Florida and have Vessel Registration Nos. FL0703MC and FL8661IW, respectively.[14] The Certificates of Title reflect the registered owners of the Jet Skis are "Philip R Caliri Jr OR Elizabeth A Caliri."[15] The Debtor claims both Jet Skis as fully exempt in Schedule C citing the *Beal Bank* case and contending they are owned with Husband as tenants by the entireties.

Florida statutory law specifically delineates how a joint ownership interest may be created in vessels registered in Florida and governs the ownership of the Jet Skis. Usage of the word "or" between two or more persons named in a vessel certificate of title creates a joint tenancy, even where the co-owners are married. Ownership as tenancy by the entireties can only be created in a vessel where the word "and" is used in the certificate of title.

The usage of the word "or" in the Jet Skis' Certificates of Title created merely a joint tenancy between the Debtor and Husband pursuant to Florida statutory law. No tenancy by the entireties was created when the Debtor and Husband took title to the Jet Skis. The Debtor and Husband did not transfer or assign their interests in the Jet Skis after issuance of the Certificates of Title. The Debtor owned a divisible non-exempt one half interest in each Jet Ski on the Petition Date and had no basis to claim the Jet Skis as

exempt entireties property. The Debtor's one half interest in the Jet Skis constitutes property of the estate. Her claim of exemption is due to be disallowed.

### 2002 Baja Cruiser Catamaran

The Debtor acquired an ownership interest in a 2002 Baja Cruiser Catamaran with Hull ID Number FRR07012K900 ("Catamaran") on March 16, 2005 when she and Husband purchased the Catamaran from Quality Boats of Clearwater, Inc.[16] The Bill of Sale for the Catamaran sets forth in Paragraph 4 the "Name(s) and Address(es) of Buyer(s) and Interest Transferred to Each" as "Philip R. Caliri, Jr. and Elizabeth A. Caliri Joint tenants with right of survivorship 4504 Swordfish Drive Bradenton, FL 34208." Paragraph 4B allows for the selection of the manner of ownership by checking a box. The choices are: "Joint Tenancy With Right of Survivorship"; "Tenancy By The Entireties"; "Community Property"; and "Other (Describe)." No selection was made.[17]

The Catamaran is a federally documented vessel and is not titled by the State of Florida. The Department of Homeland Security, United States Coast Guard, issued a Certificate of Documentation for the Catamaran on May 10, 2005.[18] The Certificate of Documentation sets forth the owners of the vessel are "Philip R Caliri Jr Elizabeth A Caliri" and the Managing Owner is "Philip R Caliri Jr."[19] There are no other statements as to ownership in the Certificate of Documentation.

The Catamaran does not fall within the Florida vessel ownership statutes because

**13.** Trustee's Exh. Nos. 8, 9; Debtor's Exh. No. 9.

**14.** Trustee's Exh. Nos. 8, 9.

**15.** Trustee's Exh. Nos. 8, 9.

**16.** Trustee's Exh. No. 7.

**17.** *Id.*

**18.** Trustee's Exh. No. 10.

**19.** *Id.*

it is a federally documented vessel. No federal statutes govern the ownership of the Catamaran. The ownership of the Catamaran is determined by Florida case law, specifically the *Beal Bank* case. The Bill of Sale contains statements made by the Debtor and Husband establishing how they own the Catamaran. They stated in the Bill of Sale they were taking ownership of the Catamaran as joint tenants with the right of survivorship. They did not designate their ownership as tenancy by the entireties by checking the "Tenancy by the Entireties" box in Paragraph 4B. The Certificate of Documentation does not delineate how the vessel is owned. The Debtor and Husband did not subsequently transfer or assign their interests in the Catamaran.

An express disclaimer of entireties ownership results in personal property being held as non-entireties property pursuant to the *Beal Bank* case. It is unclear whether the Debtor and Husband expressly disclaimed ownership of the Catamaran as tenants by the entireties. They had an opportunity to expressly designate their ownership of the Catamaran as "tenancy by the entireties" on the Bill of Sale, but failed to do so. They were married at the time they purchased the Catamaran and intended the property be owned jointly by them with survivorship rights, as evidenced in Paragraph 4a of the Bill of Sale. They are named as joint owners in the Certificate of Documentation, but the exact form of ownership is not specified.

Ambiguities exist as to how the Debtor and her Husband intended to own the Catamaran and no statute governs their ownership of the vessel. The *Beal Bank* case favors a finding of entireties owner-ship in property owned by a married couple where no express disclaimer of entireties ownership has been made. The question of whether the Debtor and Husband held the Catamaran as entireties property on the Petition Date should be resolved in favor of the Debtor pursuant to *Beal Bank*. The Debtor and Husband held the Catamaran as entireties property on the Petition Date and her interest in the vessel is exempt.

## CONCLUSIONS OF LAW

All of a debtor's legal and equitable interests in real and personal property become property of the bankruptcy estate on the Petition Date pursuant to § 541(a) of the Bankruptcy Code, except for those items specifically excluded by §§ 541(b), (c), and (d). 11 U.S.C. § 541(a) (2005). Property interests are created and defined by state law, unless a particular federal interest requires a different result. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Section 522(b) of the Bankruptcy Code allows a debtor to claim as exempt property interests constituting property of the estate. Exemptions may be claimed either pursuant to the federal exemptions provided for in § 522(d), or by state law exemptions where a state has opted out of the federal exemption scheme.[20] Debtors filing for bankruptcy protection in Florida are entitled to the Florida state law exemptions.[21]

Section 541(b)(2)(B), applicable to all bankruptcy cases regardless of which exemption scheme controls, allows for the exemption of an interest in property "in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant

---

20. 11 U.S.C. § 522(b) provides that states can prohibit their citizens from using the federal exemptions and limit them to applicable state law exemptions.

21. FLA. STAT. § 222.20 (1998).

to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 541(b)(2)(B). Nonbankruptcy law, therefore, controls whether a claim of exemption in based on tenancy by the entireties ownership is proper.

▉▉▉ Federal Rule of Bankruptcy Procedure 4003 sets forth the procedures for claiming property as exempt and lodging objections to exemptions. A party in interest may file an objection to exemptions within thirty days after the § 341 meeting of creditors. Fed. R. Bankr.P. 4003(c) (2005). The objecting party carries the burden of proving an exemption is not properly claimed because a claim of exemption is presumptively valid. *Id.;* 11 U.S.C. § 522(*l*) (2005). However, "exempting property is not a game of hide and seek." *In re Edmonds,* 27 B.R. 468, 469 (Bankr.M.D.Tenn.1983). A debtor carries the initial burden of stating the exemptions with sufficient particularity so that all parties are able to ascertain the assets the debtor believes are exempt from distribution to creditors. *In re de Kleinman,* 172 B.R. 764, 770 (Bankr.S.D.N.Y. 1994). Once the objecting party has produced evidence to rebut the exemption, the burden of production shifts to the debtor to unequivocally demonstrate the exemption is proper. *In re Carter,* 182 F.3d 1027, 1029–30 (9th Cir.1999); 9 COLLIER ON BANKRUPTCY ¶ 4003.04, at 4003–17 (15th ed. rev.2005). The Trustee timely filed his Objection pursuant to Federal Rule of Bankruptcy Procedure 4003(c).

### Inadequate Property Descriptions

▉▉▉ The Debtor failed to provide adequate descriptions of her financial accounts in Schedules B and C. Her listings of three accounts as "Checking: Bank of America" and a fourth as "Checking/Money Market:

Bank of America" are insufficient to allow one to ascertain what assets she believes are exempt from administration by the Trustee. The Debtor claims as exempt $150.00 for a "Checking: Bank of America" account pursuant to "Fl Const. Art. 10 § 4(a)(2), FSA § 222.061." The Trustee objected to the exemption on the basis the value of the Debtor's personal property exceeds the amount of the exemption allowed pursuant to Article 10 § 4(a)(2) of the Florida Constitution and Florida Statute § 222.061. The Debtor did not describe the financial account with sufficient particularity and offered no response to the objection. The claim of exemption of $150.00 for the "Checking: Bank of America" account is due to be disallowed.

### Tenancy by the Entireties Exemption Claims

The Debtor's personal property interests listed in Schedule B constitute property of the estate pursuant to § 541(a). The Debtor claims virtually all of those interests as fully exempt in Schedule C. She claims Account 9127, Account 9150, the Jet Skis, the Catamaran, and other assets, as exempt as tenancy by the entireties property, citing to the *Beal Bank* case. Florida case law defines tenancy by the entireties property ownership and is the applicable nonbankruptcy law for an exemption analysis pursuant to § 541(b)(2)(B).

▉▉▉ Tenants by the entireties is a unique form of ownership of property only married couples may enjoy. *Beal Bank, SSB v. Almand and Associates,* 780 So.2d 45, 52 (Fla.2001). Entireties property belongs to neither individual spouse, but each spouse holds "the whole or the entirety, and not a share, moiety, or divisible part." *Bailey v. Smith,* 89 Fla. 303, 103 So. 833, 834 (1925). Both real and personal property can be owned as entireties property in

Florida. *Id.* Six unities must exist simultaneously for property to be owned as tenants by the entireties in Florida: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests must be identical); (3) unity of title (the interest must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names). *Beal Bank,* 780 So.2d at 52. "Should one of these unities never have existed or be destroyed, there is no entireties estate." *United States v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Ave., Miami Fla.,* 894 F.2d 1511, 1514 (11th Cir.1990).

▉▉▉ A presumption that marital personal property is held as tenants by the entireties arises when all six unities are present. *In re Daniels,* 309 B.R. 54, 59 (Bankr.M.D.Fla.2004) (extending the presumption created in *Beal* regarding marital bank accounts "to include all marital personal property, not just financial accounts."). A party contending marital property is held in another form of ownership carries the burden of proof by a preponderance of evidence to establish a tenancy by the entireties was not created. *Beal Bank,* 780 So.2d at 58.

### Account 9127 and Account 1150

▉▉▉ The six unities required for the creation of tenants by the entireties ownership did not exist when the Debtor and Husband created Account 9127 and Account 1150 on February 18, 2003 and March 24, 2003, respectively. Debtor and Husband created both accounts *prior* to their marriage on April 19, 2003. The fundamental unity of marriage did not exist when the accounts were opened and ownership of the accounts as tenants by the entireties was a legal impossibility. *Beal Bank,* 780 So.2d at 58 ("a presumption arises that a bank account titled in the names of both spouses is held as a tenancy by the entireties as long as the account *is established by husband and wife* in accordance with the unities of possession, interest, title, and time with right of survivorship.") (*emphasis added*). The operative date for establishing ownership of a financial account is the date on which the account is opened or established. *Id.* A property interest acquired prior to marriage can be converted to an interest held as tenants by the entireties through an assignment executed subsequent to the marriage. *In re Kossow,* 325 B.R. 478, 487 (Bankr.S.D.Fla.2005). The Debtor and Husband did not assign or transfer their interests in Account 9127 or Account 1150 after the marriage.

The Debtor, on the Petition Date, owned a divisible one half interest in Account 9127 in the amount of $10,681.91 and a divisible one half interest in Account 5110 in the amount of $119.65. The Trustee has established the accounts are not entireties property and the Debtor's interest in the accounts constitutes non-exempt property of the estate. The Debtor's claims of exemption in Schedule C regarding Account 9127 and Account 5110 are not allowable and such claims are due to be disallowed.

### Jet Skis

▉▉▉ Florida statutory law governs the ownership of vessels titled by the State of Florida. *See* Fla. Stat. §§ 328.01–328.80 (2001). A vessel operated on the waters of Florida must be titled by the State of Florida unless it meets one of the enumerated statutory exceptions. Fla. Stat. § 328.03 (2001). The Jet Skis are vessels that do not fall within a statutory exception of § 328.03 and are titled by the State of Florida, as evidenced by their Certificates of Title.

The Debtor and Husband acquired the Jet Skis during their marriage. The presumption marital property is held as tenants by the entireties does not apply to the Jet Skis because the Jet Skis are owned merely as joint tenants pursuant to Fla. Stat. § 328.01(3)(d)(2)(a). The presumption that marital property is held as tenancy by entireties "must yield to any statute specifically delineating how to create an ownership interest in any particular type of property, such as Section 319.22 of the Florida Statutes." *Daniels*, 309 B.R. at 59.[22] Sections 328.01(3)(d)(2)(a) and (b) of the Florida Statutes provide:

2. The owner or co-owner has made proper endorsement and delivery of the certificate of title as provided by this chapter. As used in this subparagraph, the term "proper endorsement" means:

a. *The signature of one co-owner if the vessel is held in joint tenancy, signified by the vessel's being registered in the names of two or more persons as co-owners in the alternative by the use of the word "or."* In a joint tenancy, each co-owner is considered to have granted to each of the other co-owners the absolute right to dispose of the title and interest in the vessel, and, upon the death of a co-owner, the interest of the decedent in the jointly held vessel passes to the surviving co-owner or co-owners. *This sub-subparagraph is applicable even if the co-owners are husband and wife;* or

b. The signatures of every co-owner or of the respective personal representatives of the co-owners if the vessel is registered in the names of two or more persons as co-owners in the conjunctive by the use of the word "and."

Fla. Stat. § 328.01(3)(d)(2) (2001) (*emphasis added*).

The use of the word "or" between two or more persons creates a joint tenancy in a vessel even if the co-owners are husband and wife pursuant to § 328.01(3)(d)(2)(a). This result is confirmed by the decision *In re Wingate*, 332 B.R. 649 (Bankr.M.D.Fla.2005), in which the Bankruptcy Court held: "The fact that title was held to the vehicles and *boat* as 'husband or wife' instead of 'husband and wife' creates a joint tenancy and not a tenancy by the entireties." *Id.* at 654.

The Certificates of Title for the Jet Skis designated the registered owners as "Philip R Caliri Jr. OR Elizabeth A. Caliri." The inclusion of the word "or" rather than "and" created a joint tenancy and not a tenancy by the entireties pursuant to Fla. Stat. § 328.01(3)(d)(2). The Debtor, on the Petition Date, owned a divisible one half interest in each Jet Ski. The Trustee has established the Debtor's one half interest in each Jet Ski constitute non-exempt property of the estate. Her claim of exemption in Schedule C relating to the Jet Skis is due to be disallowed.

### Catamaran

The Debtor and Husband acquired the Catamaran during their marriage. The Catamaran is a federally documented vessel pursuant to 46 U.S.C. § 12103(a) and is excluded from the Florida state titling laws pursuant to Florida Statutes § 328.03(1)(d). No specific federal or Florida statutory law governs the ownership of the Catamaran. Florida case law, therefore, governs the ownership of the vessel. *See St. Paul Fire and Marine Ins. Co. v. Vest Transp. Co., Inc.*, 666 F.2d 932, 938 (5th Cir.1982) (stating, "The question

---

22. The *Daniels* decision addresses the creation of ownership interests in motor vehicles and the proper endorsements of the owners, as governed by Fla. Stat. § 319.22. The vessel counterpart, Fla. Stat. § 328.01, is virtually identical to § 319.22.

of ownership of a vessel is ordinarily governed by state law.").

The *Beal Bank* and *In re Daniels* analyses are applicable to determining the ownership of the Catamaran. It would appear an entireties presumption arises regarding the Catamaran pursuant to these cases. The Catamaran constitutes marital property of the Debtor and Husband since it was acquired during their marriage and the six unities of entireties ownership appear to have been present (arguably) when the vessel was acquired. "In the absence of any controlling statute, express agreement, account statement or other governing indicia that explicitly establishes a form of ownership other than tenancy by the entireties" the *Beal Bank* presumption of tenancy by the entirety applies. *Daniels,* 309 B.R. at 59.

The presumption, however, does not apply when an owner expressly disclaims entireties ownership. The Florida Supreme Court explained in *Beal Bank:*

> An express disclaimer of an intent not to hold the account as a tenancy by the entireties arises if the financial institution affirmatively provides the depositor with the option on the signature card to select a tenancy by the entireties among other options, and the depositors expressly select another form of ownership of either a joint tenancy with right of survivorship or a tenancy in common.

*Beal Bank,* at 60. The Bill of Sale for the Catamaran sets forth in Paragraph 4 the owners are "Philip R. Caliri, Jr. and Elizabeth A. Caliri Joint tenants with right of survivorship." Paragraph 4B allows for the selection of the manner of ownership, including tenants by the entireties, by checking a box, but no selection was made. It is unclear whether the Debtor and Husband expressly disclaimed ownership of the Catamaran as tenants by the entire-

ties. They failed to expressly designate their ownership of the Catamaran as "tenancy by the entireties" on the Bill of Sale. They were married at the time they purchased the Catamaran and intended the property be owned jointly by them with survivorship rights. The Certificate of Documentation names both the Debtor and Husband as owners, but does not delineate how the vessel is owned. The *Beal Bank* case favors a finding of entireties ownership in property owned by a married couple. *Beal Bank,* 780 So.2d at 57; *In re Daniels,* 309 B.R. at 59. Ambiguity exists regarding the ownership of the Catamaran and no governing statute controls the vessel's ownership (as Florida statutory law governs ownership of the Jet Skis). The scales must tip in favor of the Debtor pursuant to *Beal Bank* and *In re Daniels.* The Debtor and Husband held the Catamaran as entireties property on the Petition Date and her interest in the vessel is exempt.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Trustee's objections to the Debtor's claims of exemption in Bank of America Account Number 003679379127, Bank of America Account Number 003679975110, the Jet Skis, and the financial account described as "Checking: Bank of America" with a value of $150.00 are **SUSTAINED** and such items constitute non-exempt property of the estate; and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor's exemption claims relating to Bank of America Account Number 003679379127, Bank of America Account Number 003679975110, the Jet Skis, and the financial account described as "Checking: Bank of America" with a value of $150.00 are hereby **DISALLOWED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that the Trustee's objection to the Debtor's claim of exemption in the Catamaran is hereby **OVERRULED** and the Debtor's claim of exemption in the Catamaran is hereby **ALLOWED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that all other objections made by the Trustee are hereby **OVERRULED** and all other claims of exemption made by the Debtor in Schedule C that have not been specifically disallowed herein are hereby **ALLOWED.**