[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14540
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00527-CV-J-32
BKCY No. 05-BK-11050-JAF

In Re: ROBERT L. MATHEWS,

Debtor.

_____

AARON R. COHEN, Trustee,

Plaintiff-Appellant,

versus

ROBERT L. MATHEWS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2009)

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Trustee Aaron Cohen (the "Trustee") appeals the district court's order affirming the bankruptcy court's determination that the First National Banc Stock issued to Debtor Robert L. Mathews (the "Debtor") and his wife was exempt from the Debtor's bankruptcy estate. On appeal, the Trustee argues that: (1) the lower courts erred in applying a presumption under Florida law that the Debtor's First National Banc Stock was owned as a tenancy by the entireties; (2) the bankruptcy court clearly erred in finding that the Trustee failed to rebut this presumption by proving by a preponderance of the evidence that the Debtor and his wife did not intend to hold the First National Banc Stock as tenants by the entireties; and (3) the bankruptcy court clearly erred in finding that the Trustee failed to prove bad faith in the Debtor's filing of an amended schedule. After careful review, we affirm.

In appeals from bankruptcy proceedings, "we review determinations of law made by either the district or bankruptcy court de novo, while reviewing the bankruptcy court's findings of fact for clear error." In re Int'l Pharmacy & Disc. II, Inc., 443 F.3d 767, 770 (11th Cir. 2005). We review the bankruptcy court's order independently of the district court. Id.

The relevant facts are as follows. In 1999, the Debtor, who was the director of First National Bank of Orange Park, Florida ("Orange Park Bank"), purchased 5,000 shares of Orange Park Bank common stock. The stock certificate for these

2

shares is titled "ROBERT L. MATHEWS or JOYCE M. MATHEWS (JTWROS)." In connection with this stock purchase, the Debtor signed a document titled "Stock Certificate Registration Instructions" which provided Debtor with five ownership options -- (1) Individual, (2) Tenants in Common, (3) Other, (4) Joint Tenants with Rights of Survivorship, and (5) Uniform Gift to Minors -- and the blank next to "Joint Tenants with Rights of Survivorship" was checked. The Debtor testified, however, that he never filled out any forms associated with the stock, but that "somebody else" wrote "JT TEN" on the "Election Form and Letter of Transmittal" and that he merely received these items as they were titled and took no action to change them. As a result, all the documents related to the stock were titled to the Debtor and his wife as joint tenants with right of survivorship.

When Orange Park Bank merged with First National Banc, a new stock certificate was issued and was titled the same way as the Orange Park Bank shares. The Debtor did not request the title to the First National Banc Stock be any different than that of the Orange Park Bank. Then, after the petition date, First National Banc was acquired by Ameris Bancorp. The Debtor and his wife received 4,250 shares of Ameris Bancorp common stock and $85,595 in cash from the acquiring entity in exchange for their First National Banc shares. The new stock issued was titled "ROBERT L MATHEWS & JOYCE M MATHEWS JT TEN."

Turning to the issues on appeal, the primary question is whether on the petition date the Debtor and his wife owned the First National Banc Stock as tenants by the entireties. Section 522(b)(3)(B) of the Bankruptcy Code exempts from the bankruptcy estate any interest in property held as a tenancy by the entireties under applicable state law, when only one spouse has filed a bankruptcy petition. 11 U.S.C. § 522(b)(3)(B); In re Kossow, 325 B.R. 478, 483 (Bankr. S.D. Fla. 2005). Here, the applicable law is Florida law, see In re Sinnreich, 391 F.3d 1295, 1297 (11th Cir. 2004); In re Hinton, 378 B.R. 371, 376 (Bankr. M.D. Fla. 2007), and the Florida Supreme Court has recently detailed what a court should consider in determining whether property is owned as a tenancy by the entireties, as opposed to a joint tenancy with right of survivorship. See Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45 (Fla. 2001). The Beal Bank court recognized that "strong[] policy considerations favor allowing [a] presumption in favor of a tenancy by the entireties when a married couple jointly owns personal property." Id. at 57, 62. Relying on these policy considerations, it reasoned that "a statement on [a bank account's] signature card that the bank account titled in the name of a husband and wife is held as a joint tenancy with right of survivorship does not alone constitute an express disclaimer that the account is not held as a tenancy by the entireties." Id. at 60. Moreover, it held, "if a signature card does not expressly

4

disclaim a tenancy by the entireties form of ownership, a rebuttable presumption arises that a tenancy by the entireties exists provided that all the other unities necessary for a tenancy by the entireties are established." Id. This presumption "shift[s] the burden to the creditor to prove by a preponderance of evidence that a tenancy by the entireties was not created." Id. at 58-59 (footnote omitted).

Based on this law, we find no merit to the Trustee's claim that the lower courts erred in applying the Beal Bank presumption to conclude that the Debtor's First National Banc Stock was owned as a tenancy by the entireties. As an initial matter, Beal Bank does not support the argument that the Debtor expressly disclaimed ownership of the stock as tenants by the entireties by checking the "Joint Tenants with Rights of Survivorship" blank instead of checking the "Other" blank and writing in "Tenancy by the Entireties." As the district court recognized, selection of another form of ownership on the back of a certificate is not an express disclaimer unless the documentation affirmatively provides the debtor with an option to select tenancy by the entireties. Beal Bank, 780 So.2d at 60. The stock certificate here did not expressly provide the Debtor with an option to select tenancy by the entireties as a form of ownership; thus, the Debtor did not expressly disclaim tenancy by the entireties.

5

Moreover, there is no support for the contention that the Beal Bank presumption does not apply to personal property other than bank accounts. While the personal property at issue in Beal Bank was bank accounts, later cases have applied Beal Bank to other forms of personal property. See Cacciatore v. Fisherman's Wharf Realty Ltd. P'ship, 821 So.2d 1251, 1253 (Fla. Dist. Ct. App. 2002) (extending Beal Bank to stock certificates); Kossow, 325 B.R. at 485 (applying Beal Bank to household furnishings). Indeed, in describing the rationale for its decision, the Beal Bank court spoke broadly, finding strong policy considerations supporting a tenancy-by-the-entireties presumption when "a married couple jointly owns personal property." 780 So. 2d at 57 (emphasis added). See also In re Daniels, 309 B.R. 54, 59 (Bankr. M.D. Fla. 2004) ("while the court in Beal Bank explicitly addressed an issue involving only marital bank accounts, the court also discussed in detail ownership issues surrounding marital personal property in general and expressly concluded that strong policy reasons exist for extending the tenancy by the entireties presumption to jointly owned marital personal property, not just to financial accounts").

In addition, to the extent the Trustee relies on Daniels to say that the Beal Bank presumption applies only when there are ambiguities, Daniels more precisely said that the presumption applies "only in the absence of any controlling statute,

6

express agreement, account statement, or other governing indicia that explicitly establishes a form of ownership other than tenancy by the entireties." 309 B.R. at 59. Daniels involved a specific statute directed at vehicle ownership; here, however, there is no such statute, nor, as discussed above, any express disclaimer of tenancy by the entireties. As a result, the Beal Bank presumption applies.

We also reject the Trustee's argument that the bankruptcy court clearly erred in finding that "the Trustee failed to prove by a preponderance of the evidence that Debtor and his wife did not intend to create a tenancy by the entireties in the First National Banc Stock." As the district court observed, the evidence the Trustee relies on to overcome the Beal Bank presumption and show that a tenancy by the entireties was not created was "far from overwhelming." First, although the Debtor was director of Orange Park Bank and had the ability to change the title of the stock certificate, it is not clear that the Debtor had any obligation to do so or that failure to do so is evidence of intent not to create a tenancy by the entireties. Second, that the Debtor failed to have the Ameris Banc stock certificate, which he received postpetition, changed from joint tenants with right of survivorship to tenants by the entireties, is not persuasive either, given that making this change could actually have undermined a showing of the Debtor's intent to originally create a tenancy by the entireties. Likewise, that the Debtor was a successful

7

businessman who had taken a business law course 50 years ago, and after purchasing the original Orange Park Bank stock, received two parcels of land with deeds expressly providing ownership as tenancy by the entireties, is also not helpful. None of this evidence affirmatively proves the Debtor's personal knowledge of tenancy by the entireties, nor his intent to not create one in the First National Banc Stock, at the time he received the stock. Rather, the testimony at the hearing showed that the Debtor intended to own the stock jointly with his wife so that they "owned it together," and there is no testimony indicating that the Debtor viewed that ownership as divisible in any way. On this record, we cannot say that the bankruptcy court clearly erred in makings its finding on the Trustee's failure to satisfy his burden of proof. See Int'l Pharm., 443 F.3d at 770 ("The bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made.").

Finally, we are not persuaded that the bankruptcy court clearly erred in finding that "the Trustee failed to prove bad faith on the part of Debtor or prejudice to creditors in Debtor's filing of the [amended schedule]." The Trustee's argument to this Court consists of mere conjecture about what Debtor may have "attempt[ed]" to do and that his explanations are "hard to believe" -- none of which is sufficient to deem the bankruptcy's courts finding clear error.

**AFFIRMED.**