Robert L. MATHEWS, Appellant,

v.

Aaron R. COHEN, as Chapter
7 Trustee, Appellee.

No. 3:07–cv–121–J–32.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 21, 2007.

### ORDER

TIMOTHY J. CORRIGAN, District Judge.

This case is before the Court following an appeal by Debtor-appellant Robert L. Mathews of an Order of the United States Bankruptcy Court for the Middle District of Florida, dated January 18, 2007, denying Debtor's claim of exemption for certain stock because it was not owned as a tenancy by the entireties. The Order and the bankruptcy court's Findings of Fact and Conclusions of Law which support this Order are published. *In re Mathews,* 360 B.R. 732 (Bankr.M.D.Fla.2007). After briefing, the Court held oral argument on October 25, 2007.

### I. *Procedural History*

Debtor filed for Chapter 7 bankruptcy relief on September 29, 2005 and claimed the following property as exempt based on ownership as tenancy by the entireties: (i) a boat slip at the Conch House Marina in St. Augustine, Florida; (ii) two parcels of real property located in Jacksonville, Florida which Debtor describes as "Highway Avenue Property" and "Picketville Property"; (iii) household goods and furnishings owned by Debtor and his non-filing spouse,

Joyce Mathews; (iv) stock in First National Bank of Orange Park, Florida,[1] and (v) an American Express mutual fund account. Trustee objected to a number of these claims of exemptions.

The bankruptcy court concluded that the household goods and furnishings, the boat slip, the Highway Avenue Property and the Picketville Property, are owned as tenancy by the entireties and are therefore exempt. However, the court concluded that the mutual fund account and the First National Banc stock were not owned by Debtor and his wife as tenants by the entireties and as such are not exempt.

Debtor timely filed his notice of appeal contending that the bankruptcy court erroneously concluded that the First National Banc stock is not exempt. That is the only issue on appeal.

### II. *Factual Background*[2]

Debtor and his wife purchased 5,000 shares of First National Bank of Orange Park, Florida common stock in 1999. The stock certificate for these shares is titled "ROBERT L. MATHEWS or JOYCE M. MATHEWS (JTWROS)". In connection with this stock purchase, on April 14, 1999, Debtor signed a document titled "STOCK CERTIFICATE REGISTRATION INSTRUCTIONS" which provided Debtor with five ownership options: Individual, Tenants in Common, Other, Joint Tenants with Rights of Survivorship, and Uniform Gift to Minors. Debtor checked the blank next to "Joint Tenants with Rights of Survivorship."

---

1. Debtor filed an Amendment to Schedule B and C, before the bankruptcy court issued its Findings of Facts and Conclusions of Law, claiming as exempt First National Banc, Inc. stock acquired through merger of First National Bank, Orange Park, Florida and First National Banc, Inc. The Court will refer to the stock at issue here as "First National Banc stock."

2. The following facts are not disputed and are contained in the bankruptcy record on appeal. (*See generally* Doc. 1, Doc. 7.)

Debtor was the director of First National Bank of Orange Park from the time he purchased the stock up until the time he filed his bankruptcy petition. He admitted that he never filled out any forms associated with the stock. He testified that "somebody else" wrote "JT TEN" on the "ELECTION FORM AND LETTER OF TRANSMITTAL" and that he merely received these items as they were titled and took no action to change them. As a result, all the documents related to the stock were titled to Debtor and his wife as joint tenants with right of survivorship.

When First National Bank of Orange Park merged with First National Banc, a new stock certificate was issued and was titled the same way as the First National Bank of Orange Park shares. Debtor did not request the title to the First National Banc stock be any different than that of the First National Bank of Orange Park.

After the petition date, First National Banc was acquired by Ameris Bancorp. Debtor and his wife received 4,250 shares of Ameris Bancorp common stock and $85,595 in cash from the acquiring entity in exchange for their First National Banc shares. The new stock issued was titled "ROBERT L MATHEWS & JOYCE M MATHEWS JT TEN."

### III. *Jurisdiction and Standard of Review*

■■■■ This Court is sitting in an appellate capacity. *See* 28 U.S.C. § 158. It therefore must review the bankruptcy court's legal conclusions *de novo* and must accept the bankruptcy court's factual find-

ings unless they are clearly erroneous. *See, e.g., In re Englander,* 95 F.3d 1028, 1030 (11th Cir.1996). Although the parties disagree on the standard of review that should be applied in this case,[3] the issue on appeal is a question of law concerning the proper application of the Florida Supreme Court's decision in *Beal Bank v. Almand & Assocs.,* 780 So.2d 45 (Fla.2001) and will be reviewed *de novo.*

### IV. *Discussion*

The sole issue on appeal is whether on the petition date Debtor and his wife owned the First National Banc stock as tenants by the entireties. Section 522(b)(3)(B) of the Bankruptcy Code exempts from the bankruptcy estate any interest in property held as a tenancy by the entireties under applicable state law. 11 U.S.C. § 522(b)(3)(B). Here, the applicable law is Florida law, "pursuant to which the Court must evaluate the debtor's claim of exemption." *In re Hinton,* 378 B.R. 371, 376 (Bankr.M.D.Fla.2007); *see also In re Sinnreich,* 391 F.3d 1295, 1297 (11th Cir.2004) ("The nature of a bankrupt's interest in property is determined by state law.") (citing *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

■■■■ In Florida, a married couple is entitled to own property as tenants by the entireties but may also choose to hold property as joint tenants with right of survivorship. *Beal Bank,* 780 So.2d at 53.[4] Although these two forms of ownership share similar characteristics, "there are significant differences in the legal conse-

---

**3.** Debtor argues that a *de novo* standard of review should apply because the legal significance afforded to the underlying facts is at issue in this case. *See In re Optical Technologies, Inc.,* 252 B.R. 531, 533 (M.D.Fla.2000). Trustee contends that the bankruptcy court's conclusion that a tenancy by the entireties

was not created is based upon its findings of fact and should be reviewed for clear error. *See* Fed. R. Bankr.P. 8013.

**4.** A married couple may also hold property as tenants in common but that type of ownership is not at issue here.

quences between the forms of ownerships when creditors of one spouse seek to garnish these assets, when one spouse declares bankruptcy, or when one spouse attempts to recover monies transferred without his or her permission." *Id.* Property held as tenancy by the entireties belongs to neither spouse individually, rather each spouse is seized of the whole. *Id.* By contrast, in a joint tenancy with right of survivorship, each spouse is presumed to own an equal share for purposes of alienation; but for purposes of survivorship, each spouse owns the whole so that upon death the entire remainder of the whole passes to the survivor. *Id.* Accordingly, when property is held as a tenancy by the entireties, the property cannot be reached by a creditor to satisfy the debt of only one spouse. *Id.* However, if property is held as a joint tenancy with right of survivorship, a creditor holding debt against only one spouse may attach the debtor's share of the property, leaving the share of the non-debtor spouse unaffected. *Id.*

■ Florida law has long followed the rule that real property in both a husband and wife's name is presumed to be held as a tenancy by the entireties as long as the "six unities" of marriage, possession, interest, title, time and right of survivorship are present. *Id.* at 52. However, Florida courts had historically imposed a different standard in determining whether jointly titled marital personal property is held as a tenancy by the entireties. *See First Nat'l Bank of Leesburg v. Hector Supply Co.*, 254 So.2d 777, 780 (Fla.1971). In *Beal Bank*, the Florida Supreme Court reconciled these standards holding that jointly

titled marital bank accounts should enjoy the same presumption in favor of a tenancy by the entireties. 780 So.2d at 58. The Court in *Beal Bank* receded from its decision in *Hector Supply* and concluded that strong "policy considerations favor allowing the presumption in favor of a tenancy by the entireties when a married couple jointly owns personal property." *Id.* at 57, 62. While the personal property at issue in *Beal Bank* was bank accounts, later cases have extended the *Beal Bank* rationale to other forms of personal property. *See Cacciatore v. Fisherman's Wharf Realty Ltd. P'ship*, 821 So.2d 1251, 1253 (Fla. 4th DCA 2002) (extending the *Beal Bank* holding to stock certificates); *In re Daniels*, 309 B.R. 54, 59 (Bankr.M.D.Fla.2004) (confirming that the *Beal Bank* presumption generally applies to jointly owned personal property, not just to financial accounts); *In re Kossow*, 325 B.R. 478, 484 (Bankr.S.D.Fla.2005) (applying the *Beal Bank* presumption to household furnishings).[5] Here, the bankruptcy court aligned itself with these cases and applied *Beal Bank* to the disputed stock. *In re Mathews*, 360 B.R. at 742.

■ However, the *Beal Bank* presumption does not apply if the debtor expressly disclaims that the account is held as a tenancy by the entireties. *Beal Bank*, 780 So.2d at 60.

> An express disclaimer can take the form of an express statement signed by the depositor that a tenancy by the entireties was not intended, coupled with an express designation of another form of legal ownership. Alternatively, an ex-

---

**5.** *See also In re Hinton*, 378 B.R. at 377 ("in the absence of any controlling statute, express agreement, account statement, or other governing indicia that explicitly establishes a form of ownership other than tenancy by the entireties, *Beal Bank's* presumption also is applicable to all personal property") (internal

quotations omitted); *cf. Xayavong v. Sunny Gifts, Inc.*, 891 So.2d 1075, 1078 (Fla. 4th DCA 2005) (explaining that *Beal Bank* does not apply when a "statute that specifically prescribes how to create a co-ownership interest in a particular variety of personal property" controls).

press disclaimer of an intent not to hold the account as a tenancy by the entireties arises if the financial institution affirmatively provides the depositors with the option on the signature card to select a tenancy by the entireties among other options, and the depositors expressly select another form of ownership
. . . .

*Id.* A statement on a signature card of a bank account that the property is "held as a joint tenancy with right of survivorship does not alone constitute an express disclaimer that the account is *not* held as a tenancy by the entireties. This is because a tenancy by the entireties is essentially a joint tenancy, modified by the common-law doctrine that husband and wife are one person." *Id.* (citation omitted) (internal quotations omitted).

 In the absence of an express disclaimer, there arises a rebuttable presumption that a tenancy by the entireties was created. *Id.* at 58. This presumption shifts to the party opposing entireties ownership the burden of proving by a preponderance of the evidence that a tenancy by the entireties was not created. *Id.* at 58–59.

Thus, in this context, the *Beal Bank* protocol requires that the bankruptcy court first determine whether the Debtor has expressly disclaimed tenancy by the entireties ownership. If the Debtor has done so, the inquiry is complete and the personal property is not held by the entireties.[6] *Id.* at 60. If there is no express disclaimer and the six unities are present, a rebuttable presumption arises that the jointly titled spousal personal property is

held as a tenancy by the entireties, shifting the burden to the Trustee to prove by a preponderance of the evidence that the property is not held by the entireties. *Id.* at 58–59.

Invoking the *Beal Bank* regime, the bankruptcy court reasoned:

> *While there is a presumption that Debtor owned the Stock with Mrs. Mathews as tenants by the entireties, the Trustee has proven by a preponderance of the evidence that a tenancy was not created.* The original stock certificate for the Stock of First National Bank of Orange Park is specifically titled "ROBERT L. MATHEWS OR JOYCE M. MATHEWS (JTWROS)".[7] The Registration Form was checked off as "Joint Tenants with Right of Survivorship". Debtor testified, and Mr. Beaty confirmed, that the First National Banc stock certificate was titled the same way as the First National Bank of Orange Park stock certificate. Even though Debtor was a director of the bank, he never took any steps to change how the original stock certificate was titled.
>
> On the Election Form relating to the Ameris Bancorp merger, Debtor wrote in "Robert L. or Joyce M. Mathews". The Ameris Bancorp stock certificate issued postpetition is titled "ROBERT L MATHEWS & JOYCE M MATHEWS JT TEN". Debtor took no action to have the New Stock titled as tenants by the entireties.
>
> Debtor wanted to ensure that he owned all personal property jointly with his wife, Mrs. Mathews, and he testified

---

6. Of course, an express designation that the personal property is held as tenancy by the entireties would also be honored and the inquiry ended. *Beal Bank,* 780 So.2d at 60.

7. The use of the conjunction "or" versus the conjunction "and" in the title of the stock certificate is not dispositive of the type of account that was created. *Beal Bank v. Almand & Assoc.,* 780 So.2d 45, 59 n. 18 (Fla. 2001).

that he intended to own it jointly with Mrs. Mathews because if he died before her, it would go straight to her without the necessity of probate. With a joint tenancy, the property would go to Mrs. Mathews without her having to fight in probate court. *As a sophisticated businessman, Debtor knew what he was doing and fully intended to own the Stock as joint tenants with right of survivorship. Debtor expressly disclaimed ownership as tenancy by the entireties. Thus, the Trustee has proven by a preponderance of the evidence that a tenancy by the entireties was not created.* In re Mathews, 360 B.R. at 743 (emphasis added).

■■■ The bankruptcy court has misapplied the *Beal Bank* protocol. The court found that "Debtor expressly disclaimed ownership as tenancy by the entireties." *Id.* However, the bankruptcy court also applied the rebuttable presumption and concluded that Trustee had rebutted it and "proven by a preponderance of the evidence that a tenancy by the entireties was not created." *Id.* Yet, if there really was an express disclaimer, the presumption was irrelevant, there was no need to evaluate the other evidence and there was no entireties ownership. *Beal Bank,* 780 So.2d at 60–61. Thus, the bankruptcy court has improperly combined two different aspects of the *Beal Bank* analysis.

■■■ Trustee argues, in effect, that none of this matters because there *was* an express disclaimer of entireties ownership, as the bankruptcy court found. Trustee contends that Debtor and his spouse did expressly disclaim entireties ownership because they selected "Joint Tenancy with

Rights of Survivorship" on the back of the stock certificate when they could have selected the option "Other" if they intended to own the stock as a tenants by the entireties. (Doc. 9 at 21.) According to *Beal Bank,* however, selection of another form of ownership on the back of a certificate is not an express disclaimer *unless* the documentation affirmatively provides the debtor with an option to select tenancy by the entireties. 780 So.2d at 60; *see also In re Caliri,* 347 B.R. 788, 800 (Bankr. M.D.Fla.2006) (noting that when uncertainty exists regarding the form of ownership and whether Debtor and spouse expressly disclaimed ownership as tenants by the entireties, "the scales must tip in favor of the debtor pursuant to *Beal Bank* . . . ."). The stock certificate in this case did not expressly provide Debtor with an option to select tenancy by the entireties as a form of ownership; thus the bankruptcy court erred in concluding that Debtor expressly disclaimed tenancy by the entireties.[8]

■■■ It is true that although Debtor did not expressly disclaim tenancy by the entireties, Trustee could still overcome the rebuttable presumption of entireties ownership if he proved by a preponderance of the evidence that Debtor did not create a tenancy by the entireties. *Beal Bank,* 780 So.2d at 58. However, because the bankruptcy court misapplied *Beal Bank* and erroneously found an express waiver, this Court cannot be confident that the bankruptcy court's decision that the Trustee had rebutted the presumption would have been the same if it had correctly followed the *Beal Bank* protocol.

---

**8.** In contrast, the bankruptcy court correctly concluded that Debtor and his spouse expressly disclaimed tenancy by the entireties ownership of the mutual fund account because the account documentation affirmative-

ly provided Debtor with an option to select "Tenants by the Entirety" and he selected "Joint Tenant" ownership. *In re Mathews,* 360 B.R. at 745.

Moreover, the evidence on which the bankruptcy court relied to find that the presumption was overcome and that a tenancy by the entireties was not created was far from overwhelming. For example, the bankruptcy court relied on the fact that Debtor, who was director of First National Bank of Orange Park, had the ability to change the title of the stock certificate but failed to do so. *In re Mathews*, 360 B.R. at 743. However, it is not clear that the Debtor had any obligation to do so or that failure to do so is evidence of intent not to create a tenancy by the entireties. Indeed, the Florida Supreme Court in *Beal Bank* seemed to agree with the proposition that "a rebuttable presumption that a marital account is held as tenancy by the entireties property ... would conserve judicial resources and *solidify the legitimate expectations of borrowers and lenders."* *Beal Bank*, 780 So.2d at 58 (emphasis added).

The bankruptcy court also relied on post-petition evidence to support its conclusion. *In re Mathews*, 360 B.R. at 743. Generally, post-petition events should not be considered in determining a debtor's entitlement to an exemption. *See, e.g., In re Mohammed*, 376 B.R. 38, 41 (Bankr.S.D.Fla.2007) ("Bankruptcy exemptions are determined by application of law to facts as the law and facts exist at filing of the petition, not earlier or later."); *In re Cunningham*, 354 B.R. 547, 553 (D.Mass. 2006) ("It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition. This means the Court must focus only on the law and *facts* as they exist *on the date of filing the petition"*) (citations omitted) (internal quotations omitted). If, as argued by the Trustee, this rule does not apply in this case, the bankruptcy court should articulate why this is so.

Although the Court is reluctant to remand, this Court, sitting in an appellate capacity, cannot do the fact-finding required once *Beal Bank* is properly applied. Therefore, without prejudging the final result, the Court **REMANDS** for the bankruptcy court to reconsider its Order, dated January 18, 2007, in a manner consistent with this opinion. The Clerk should close the file.

**DONE AND ORDERED.**